## CIRCUIT COURT OF THE CITY OF RICHMOND

William M. Walker

v.

Virginia Power

October 28, 1991

Case No. HB-595-3

By JUDGE T. J. MARKOW

Mr. Walker has petitioned this court for a declaratory judgment to determine the validity of a deed which conveyed an easement to Virginia Electric and Power Company (Virginia Power) on land formerly owned by the City of Richmond, dated May 22, 1969. Mr. Walker purchased the servient parcel from the City in 1986. He has also filed a bill of complaint praying for specific performance of the deed, which he asserts obligates Virginia Power to quitclaim to him its interest in the parcel or in the alternative to allow him to make certain uses of the land which do not interfere with the easement.

Virginia Power has demurred to the petition and bill, and that demurrer is now before the court. It is Virginia Power's position that paragraph (k) of the deed of easement created an option which violates the rule against perpetuities and was therefore void *ab initio*. Paragraph (k) reads as follows:

> (k) The Grantor reserves an option to terminate this easement in the event the Grantor's purposes shall require exclusive use of the land, and if the Grantor shall elect to exercise this

option, the Grantee agrees that upon tender to it by the Grantor of the sum of Seven Thousand Five Hundred Dollars ($7,500.00), it shall quitclaim to the Grantor all right, title, and interest which the Grantee may have in said right, privilege and easement, and the Grantee will within a reasonable time remove from the said land any structures and facilities which the Grantee may have constructed or placed thereon.

Walker tendered a cashier's check for $7,500.00 to Virginia Power along with notice that he intends to "exercise the rights reserved in Section (k) of the Deed of Easement." (Exhibit B of Petition and Bill). The check was returned to Walker by Virginia Power with a denial of Walker's right to acquire the easement. (Exhibit C of Petition and Bill).

Virginia Power asserts that Walker has failed to state facts upon which relief can be granted since the rule against perpetuities requires that the option be exercised within twenty-one years and that Walker's attempt to exercise it did not occur until May 20, 1991, more than twenty-one years after the creation of the interest.

The Supreme Court of Virginia held in *Layne v. Henderson*, 232 Va. 332, 336, 351 S.E.2d 18, 21 (1986), that an option contract is subject to the rule against perpetuities and that an interest created by such a contract is void *ab initio* if, at its creation, there is a possibility the option may not be exercised within a life or lives in being plus twenty-one years and ten months. Further, the court has limited the period to twenty-one years where the optionee is a corporate entity and the parties did not contract with reference to lives in being. *Lake of the Woods Assoc. v. McHugh*, 238 Va. 1, 5, 380 S.E.2d 872, 873 (1989).

The court in *The Ryland Group v. Wills*, 229 Va. 459, 465, 331 S.E.2d 399, 403 (1985), said that a contract for the sale of land which fails to fix a time for performance may not be violative of the rule against perpetuities since "courts generally construe contracts to impose a requirement that conditions be performed within a reasonable time, finding that performance within 21 years satisfies

this requirement." There the court found that the intent of the parties to complete their contract within a reasonable time was reflected by a provision that time was of the essence and also by the attachment of a payment schedule to the contract. The court distinguished *United Virginia Bank v. Union Oil*, 214 Va. 48, 197 S.E.2d 174 (1973), which found an option contract void *ab initio* as in violation of the rule because it had a contingency for which there was a "distinct possibility" of nonoccurrence within 21 years. The court found no evidence within the agreement nor from any other source of an intent to impose a time limitation.

There is an indication in the deed from the City that the parties intended the option to be exercised within a reasonable time. It is found in the setting of a fixed price of $7,500.00 for the quitclaim. Experience has taught that inflation must be factored in to attempts to set future values. The buying power of that sum in 1969 when it was set was several times over what it is today. If the parties intended the option to go on indefinitely, they might have agreed to some sort of appraisal process or formula to assure fairness for both sides. However, the court need not consider whether the contract was void *ab initio* or contemplated a reasonable time, as more than twenty-one years have passed since the creation of the interest, and it has not, therefore, been completed within what *The Ryland Group* found was a reasonable time.

This leaves only the question of whether the interest is of a kind subject to the rule. Walker argues that the interest is not subject to the rule because it should be characterized not as an option but as a reservation, since the provision employs the words "grantor *reserves* an option" (emphasis added). However, in *Skeen v. Clinchfield Coal Corp.*, 137 Va. 397, 119 S.E. 89 (1923), the court construed a reservation of a five acre parcel by the grantor from a grant of a larger parcel, which also included an agreement that the grantee had the exclusive right to buy the reserved five acres and also the duty to buy it if the grantor decided to sell it. The court analyzed that provision as an option even though the word option never appeared in the deed.

In support of its decision, the court quoted *Woodall v. Bruen*, 76 W. Va. 193, 85 S.E. 170 (1915), as follows:

> An option for the purchase of land at such time in the future or within ninety-nine years from its date, as the optioner may elect, partakes of the nature of an executory limitation, vesting no immediate interest in the land and constitutes an unreasonable restraint upon alienation thereof *even though such option is in form a reservation of right to the grantor in a deed by which the land is conveyed* (emphasis added).

*Skeen*, 137 Va. 397, 404, 119 S.E. 89, 91. The court went on to explain that although the *Woodall* case spoke of restraint upon alienation, the decision was really based on the rule against perpetuities. The reservation or option described in *Woodall*, however it is identified -- the court used both descriptions -- is exactly like the reservation or option in the deed of easement in the case at bar. *Skeen* makes quite clear that putting it in the form of a reservation of right does not save it.

Walker's argument that paragraph (k) lacks the characteristics of an option because Virginia Power had nothing to sell at the time the easement was created, because there was no specified time for its exercise, because there was no separate consideration for it, and because it was not executed by either Virginia Power alone or by both parties is not borne out by either *Skeen* or *Woodall*. Those cases did not hesitate to call an option an option for lack of the conditions enumerated or because of the presence of the verb "to reserve" or of the noun "reservation."

There also is no indication in either of those cases that if the interests were not called options but simply reservations, it would change the result by excluding them from the operation of the rule. On the other hand, it is a canon of construction that reservations are construed most strongly against the grantor. *Terry v. Tinsley*, 140 Va. 240, 124 S.E. 290 (1924); *accord Bostic v. Bostic*, 199 Va. 348, 99 S.E.2d 591 (1957). Whether paragraph (k) is called an option or a reservation, it is the opinion of this court that it is subject to the rule against perpetuities, and as it has not been exercised within a

reasonable time, it is void and must be struck from the deed of easement.

Walker further argues that the more recent case *Trailsend v. Va. Holding Corp.*, 228 Va. 319, 321 S.E.2d 667 (1984), which called an option to repurchase a condition subsequent should control the classification of the option here. Since conditions subsequent are not within the rule against perpetuities, Walker argues that the option in the deed of easement is valid. However, there is an important element in the definition of a condition subsequent which Walker ignores. Thompson's treatise on real property which was cited by the *Trailsend* opinion, begins the section on conditions subsequent as follows: "That a fee may be created that is absolute in nature except that it is subject to termination *if the grantee or his successors in title breaches a condition* expressed in the instrument creating the fee has long been recognized" (emphasis added). 4 C. Thompson, *Commentaries on the Modern Law of Real Properties*, § 1874 (Repl. Vol. 1979). *See also, id.*, § 1883 ("it is a general rule that if the breach of the condition is caused by an act of law or an act of God and not by fault of the grantee or his successors, the breach is excused").

The condition in Virginia Power's deed is not one under its control as grantee to breach or not; it is solely within the unbridled discretion of the grantor. At its whim, the grantor can decide to use the property for other purposes and consequently force a forfeiture of the grantee's interest. This is unlike the *Trailsend* option, which was one within the control of the grantee; it could commence or not to build the facilities agreed to by the option. Even so, the court still construed the option very strictly against the grantor, requiring the precise conditions of the deed be met and refusing to enforce it. Conditions subsequent are not favored under the law, and language which will admit of any other reasonable interpretation will not be held to create an estate on condition. *Lowman v. Crawford*, 99 Va. 688, 40 S.E. 17 (1901). The Virginia Power easement's option to repurchase is not couched in such terms as to make it inescapably a condition subsequent, and this court finds, therefore, that it did not create an estate, or other interest, on condition which would save it from the operation of the rule against perpetuities

and declares paragraph (k) of the deed of easement void as violative of the rule and, consequently, denies specific performance of the provision.

As to Walker's request for declaratory judgment that he may use the land and erect building and structures consistently with paragraph (i) and (j) of the deed and his allegation in paragraph 6 of his petition and bill that Virginia Power has refused to allow such use, the court finds that both of those paragraphs contain reasonable reservations of the grantor's present right to the use of the parcel and that they are valid. Virginia Power claims to be in ignorance of the uses Walker wishes to make of the easement and argues that the pleading is insufficient. However, he has alleged that he has been refused his rights. That is sufficient to put Virginia Power on notice of his position and sufficient to withstand demurrer. *See* Va. Code Ann. § 8.01-275 (Repl. Vol. 1984). The demurrer is, therefore, overruled as to Count III and the request for specific performance of paragraphs (i) and (j) of the deed of easement.