## CIRCUIT COURT OF LANCASTER COUNTY

Pearl D. Christopher

v.

Horace C. Robinson, Jr.,
James S. Robinson,
T. Bruce H. Anderson, Jr., and
Jessie J. Anderson

March 24, 1992

BY JUDGE JOSEPH E. SPRUILL, JR.

The source of this controversy is the following covenant in a 1947 deed:

> The grantors covenant on behalf of themselves, their heirs, devisees, and/or personal representatives that should the property now owned by (grantors) . . . be sold, then (grantors) their heirs, devisees, and personal representatives will execute and deliver without additional consideration a good and valid deed to the (grantees, etc.) conveying to them (a parcel of land adjacent to property the grantees acquired under this deed).

The surviving grantor has filed a Bill for Declaratory Judgment asking the Court to declare the foregoing provision void *ab initio* as violating the rule against perpetuities.

The defendants, who are the successors in title to the original grantees, answer and by cross-bill claim that the filing of this action by plaintiff is an anticipatory breach of the covenant which entitles defendants to an immediate conveyance of the subject property.

Plaintiff has filed a demurrer to the cross-bill and has moved for summary judgment. A hearing was held February 3, 1992, following which the parties had the opportunity to file supplemental memoranda.

Initially, the court finds a controversy does exist and that this matter is an appropriate one for relief under Virginia Code § 8.01–184.

The plaintiff's position is that the defendant's rights under this covenant are contingent; that the plaintiff has no duty to convey, and the defendants have no right to receive, the subject property until the happening of a specific event, i.e., the sale by plaintiff, or her successors, of the stated property. This sale has not yet taken place. It may take place in the immediate future, or it may not take place for a thousand years. If it is *possible*, argues the plaintiff, that the duty to convey will not arise until after the passage of the time specified by the rule against perpetuities, the rule requires a finding that the promise is void *ab initio*, regardless of the intention of the parties.

The defendants argue that upon delivery of the deed containing the covenant, the defendants (or their predecessors in title) were vested with an immediate interest in the property, and thus no issue arises as to the application of the rule against perpetuities. Acknowledging that the rule against perpetuities is one of law and not one of construction, nonetheless, defendants claim, the clear intent of the deed is that this was one transaction for one consideration wherein the grantees received one parcel of land and the right to receive another parcel.

The defendants also point to a subtle distinction made in the deed, wherein the grantors bind "themselves, their heirs, devisees and/or personal representatives" (not successors or assigns) but covenant with the grantees, "their heirs, successors or assigns." This distinction, says the defendant, makes clear the intention of the parties because, by implication, no one who purchased from the grantors could fulfill the covenant.

Finally, the defendants argue that the right to the land vested in them upon delivery of the 1947 deed was not dependent upon the sale of other property. They claim that the event of sale simply deferred vesting of possession; their rights were not contingent upon any future event, but rather their possession and enjoyment were contingent upon such events.

The rule against perpetuities is thus defined in Virginia:

> Any executory interest which, by possibility, may not take effect until after lives in being and twenty-one years and ten months is *ipso facto* and *ab initio* void. In other words, the executory interest is void for remoteness if, at its creation, there exists a *possibility* that it may not take effect during any number of now existing lives, or within twenty-one

years and ten months after the expiration of such lives, even though it is highly probable, or indeed, almost certain, that it will take effect within the time prescribed. Graves' Notes on Real Property, Section 215; *Skeen v. Clinchfield Coal Corp.*, 137 Va. 397 at 403 (1923).

To paraphrase *Painter v. Water Company*, 202 Va. 431 (1961), the crux of this case is whether it is the intent and effect of the deed to grant to defendants' predecessors in title an immediate or present interest in the subject land or whether it is the intent and effect that such interest shall vest in the future, that is, upon the sale of the grantors' other property. If the deed vests an immediate or present interest, no question of the violation of the rule against perpetuities arises. If, on the other hand, the interest or estate is not intended to vest until the occurrence of the sale of the grantors' other property, the covenant is not enforceable because this event may possibly be postponed beyond the period prescribed by the rule.

An executory interest is one yet to be executed or performed, one that depends upon a future performance or event. *Black's Law Dictionary.*

The Court finds that the defendants here have an executory interest only in the subject property. Their entitlement was contingent upon a specific event, the sale by the grantors of their other property. Until the happening of this event, the defendants had no right to the property. Unlike the grantee in *Painter*, the grantees here have no right to demand conveyance of the property until the occurrence of an event which may or may not transpire, depending upon the will of the grantor.

In *Skeen*, the Court had for consideration "a contract giving to the grantee a right to purchase and binding it to purchase the five acres whenever (but not until) the grantor or his heirs or assigns should desire to sell. In other words, we have here an executory contract attempting to create an executory interest in the grantee which might vest at any moment and yet which might never vest."

The same analysis must be applied to the case at hand. The defendants here have an executory interest which might possibly never vest. As noted in *Skeen*, such contracts are universally held to be within the inhibition of the rule against perpetuities.

In *Skeen*, finding that the rule applied to options, the Supreme Court held that "in no proper legal sense can a mere privilege of

exercising a future right to purchase be deemed a present vested interest in land." It follows that in no proper legal sense can a mere possibility of acquiring a parcel of land dependent upon an event over which the grantee has no control be deemed a present vested interest in land.

In *Lake of the Woods Association, Inc. v. McHugh*, 238 Va. 1 (1989), it was held that a right of first refusal is an interest in property and that such rights are subject to the rule against perpetuities. The right of first refusal there was found to be of unlimited duration, and at the time it was created, the possibility existed that it might not be exercised until after the expiration of the period fixed by the rule, if ever.

The right acquired by these defendants under the covenant set forth in the 1947 deed is of unlimited duration. At the time it was created, the possibility existed that it might not be exercised until after the expiration of the period fixed by the rule against perpetuities, if ever.

Accordingly, the Court concludes that this covenant violates the rule against perpetuities and is therefore void, *ab initio*. An Order will be entered dismissing the defendants' cross-bill and granting the plaintiff's motion for summary judgment.