CITGO PETROLEUM CORPORATION, ET AL.

v.

ROWENA B. HOPPER, ET AL.

Record No. 920892

April 16, 1993

Present: All the Justices

*Archibald Wallace, III (L. Lee Byrd; Sands, Anderson, Marks & Miller*, on briefs), for appellants.

*Richard L. Locke (Helen L. Konrad; Mezzullo & McCandlish*, on brief), for appellees.

JUSTICE STEPHENSON delivered the opinion of the Court.

The sole issue presented in this appeal is whether the rule against perpetuities applies to an option to purchase that is appendant to a commercial lease and exercisable during the term of the lease.

Rowena B. Hopper and Sparks M. Hopper (the Hoppers) filed a declaratory judgment proceeding against Citgo Petroleum Corporation (Citgo) and The Southland Corporation (Southland). The Hoppers, the lessors in a certain commercial lease, alleged that a provision in the lease that granted the lessee an option to purchase the leased property during the term of the lease violates the rule against perpetuities and, therefore, is void. The trial court so ruled, and Citgo appeals.

The facts are undisputed. On March 17, 1965, the Hoppers leased certain unimproved real property in Henrico County to Sun Oil Company (Sun Oil) to be used as a site for a gasoline filling station. The lease contemplated that Sun Oil would construct a gasoline station and related improvements on the property. Sun Oil did construct a station that has been in continuous operation since its completion. Sun Oil assigned all of its interest in the lease to Southland, and Southland, thereafter, assigned its interest in the lease to Citgo.[1]

The lease was in full force and effect from its date of execution and provided for an original 15-year term, to begin on the date that the building and other improvements were to be completed. Additionally, the lease provided for two five-year renewal periods. The lease also contained a provision that gave the lessee "the option to purchase [the leased premises] at any time during the term of this lease or any renewal or extension thereof."

On October 8, 1991, during the second five-year renewal period, Citgo sought to exercise its option to purchase. Citgo made a formal tender in accordance with the terms of the lease, but the Hoppers declined the tender, claiming that the option to purchase was void.

---

[1] Although Southland was named a party defendant, the record shows, and the Hoppers and Citgo agree, that Southland has no interest in this proceeding.

■ The rule against perpetuities, which invalidates interests that vest too remotely, exists to further the public policy of preventing excessive restraints or limitations upon the alienation of real property. *Burruss* v. *Baldwin*, 199 Va. 883, 887, 103 S.E.2d 249, 252 (1958). Nearly 70 years ago, we applied the rule to options in gross, or independent options. *Skeen* v. *Clinchfield Coal Corp.*, 137 Va. 397, 119 S.E. 89 (1923). In two recent decisions, we reaffirmed our holding in *Skeen*. *The Ryland Group* v. *Wills*, 229 Va. 459, 331 S.E.2d 399 (1985); *United Virginia Bank* v. *Union Oil*, 214 Va. 48, 197 S.E.2d 174 (1973). However, we have not previously considered whether the rule should apply to an option that is appendant to a long-term commercial lease and exercisable during the term of the lease.

■ *Restatement of Property* § 395 (1944) excepts such options from the operation of the rule. Section 395 provides:

> When a lease limits in favor of the lessee an option exercisable at a time not more remote than the end of the lessee's term
> (a) to purchase the whole or any part of the leased premises; or
> (b) to obtain a new lease or an extension of his former lease,
> then such option is effective, in accordance with the terms of the limitation, even when it may continue for longer than the maximum period [of the rule against perpetuities].

Courts in a majority of other jurisdictions have held that the rule does not apply to such options. *See, e.g., Oliner* v. *City of Englewood*, 42 Colo. App. 106, 593 P.2d 977 (1979); *Texaco Refining & Marketing, Inc.* v. *Samowitz*, 213 Conn. 676, 570 A.2d 170 (1990); *Wing, Inc.* v. *Arnold*, 107 So.2d 765 (Fla. Dist. Ct. App. 1958); *St. Regis Paper Co.* v. *Brown*, 247 Ga. 361, 276 S.E.2d 24 (1981); *Keogh* v. *Peck*, 316 Ill. 318, 147 N.E. 266 (1925); *Quarto Mining Co.* v. *Litman*, 42 Ohio St. 2d 73, 326 N.E.2d 676, *cert. denied*, 423 U.S. 866 (1975).[2] Many of these courts have concluded that an option appendant to a lease is consistent and in harmony with the policy objectives of the rule. They reason that such an option stimulates improvement of the property and fosters full use thereof by the lessee. This, in turn, benefits the lessor, the lessee,

---

[2] Indeed, the parties have cited only two cases that express a contrary view, and we have found no others. *See Garza* v. *Sun Oil Co.*, 727 S.W.2d 115 (Tex. Ct. App. 1986); *First Huntington Nat'l Bank* v. *Gideon-Broh Realty Co.*, 139 W.Va. 130, 79 S.E.2d 675 (1953).

and the community at large. *See, e.g., Texaco Refining & Marketing, Inc.*, 213 Conn. at 685, 570 A.2d at 174; *Wing, Inc.*, 107 So.2d at 769; *Quarto Mining Co.*, 42 Ohio St.2d at 78, 326 N.E.2d at 681.

█ We agree that an option to purchase that is appendant to a long-term commercial lease and exercisable during the term of the lease actually fosters the purpose of the rule. We think that there is a real and valid distinction to be drawn between an option in gross and an option appendant to a long-term commercial lease. Thus, consistent with the majority view, we hold that the rule does not apply to Citgo's option to purchase because the option is appendant to a long-term commercial lease and exercisable within the term of the lease.

Accordingly, we will reverse the trial court's judgment and enter final judgment in favor of Citgo.

*Reversed and final judgment.*