Whitehead, J.
BACKGROUND
The parties dispute the validity of an option to purchase which is contained in a ninety-nine (99) year lease. The original lessor recorded the lease in October of 1980. The lease called for the payment of one dollar ($1) per year as rent, and the option stated that the lessee could purchase the property for one dollar ($ 1) during the term of the lease. There were no other provisions in the recorded lease.
On July 12, 1993, the defendant purchased the property subject to the lease. Subsequent to the defendant’s purchase of the property, the original lessee conveyed all of her right, title and interest in the lease to a third party. The third party then executed an agreement to convey all of her right, title and interest in the lease to the plaintiff.
Plaintiff, by way of this action, seeks a declaration as to the validity of the option and specific performance of its terms. Defendant argues that the option runs afoul of the Rule Against Perpetuities or, in the alternative, is unenforceable for lack of consideration. Agreeing that there is no dispute as to any issue of material fact, both parties have moved for summary judgment.
DISCUSSION
The defendant’s contention that the 99-year lease with an option to purchase violates the Rule Against Perpetu-ities is not supported by the relevant authorities. While generally an option to purchase real property would be subject to the Rule Against Perpetuities,[1] the law makes an exception when the option is contained within a lease. The rationale is that an option contained within a lease does not infringe upon the policies underlying the Rule. See Citgo Petroleum v. Hopper, 245 Va. 363, 365 (1993); Texaco v. Samowitz, 213 Conn. 676, 684 (1990); American Law of Property, §24.57 (1952); “Leases and Perpetuities,” 27 Yale Law Journal, 878, 885-89 (1919). See also Certified Corp. v. GTE Products Corp., 392 Mass. 821, 823-24 fn.5 (1924). Thus, this lease and the option to purchase are not subject to the Rule.
Defendant also argues that the option to purchase is unenforceable for lack of consideration. The summary judgment record provides no indication that rent was ever paid on the lease. Such a failure to pay rent renders the option invalid, he contends. However, in Leisure Sports Investment Corp. v. Riverside Enterprises, Inc., 3 Mass.App.Ct. 484, 492-93 (1979), the Appeals Courtwas presented with similar facts and a similar contention. The Court concluded that absent an express provision requiring that rent be paid in order to exercise the option, or absent an implicit requirement to that effect which was “clear and undoubted,” a failure to pay rent does not render the option void or voidable.
In the instant case, the terms of the lease and option are unambiguous and simple. They contain no provision expressly requiring that rent be paid before the option can be exercised. Moreover, there is no language which gives rise to a “clear and undoubted” implication that an exercise of the option was conditioned upon payment of the rent. The option is therefore valid.
The lease and option were recorded well before the defendant purchased the property. Thus, the defendant was on notice as to their content and the potential consequences of his purchase. While on its face, the consideration for the option appears minimal, the Court is not privy to the full circumstances surrounding the original transaction. Accordingly, so far as appears from the record, equitable relief in the form of specific performance of the option terms is appropriate.
ORDER
The defendant’s motion for summary judgment is hereby DENIED and the plaintiffs motion for summary judgment is GRANTED.
The Court DECLARES that the option agreement recorded in the Essex South District Registry of Deeds Book 6351, Page 401, is in full force and effect. The Court ORDERS that upon payment of the option sum of $1.00 by the plaintiff, the defendant shall convey the land affected by said agreement.

See Thomas v. Kiendzior, 27 Mass.App.Ct. 370, 371-72 (1989).