## CIRCUIT COURT OF FAIRFAX COUNTY

Timothy N. Facile et al.

v.

Assisted Living Homes, Inc.

April 14, 2000

Case No. (Chancery) 162908

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

Petitioners filed a motion for declaratory judgment seeking to declare void an Option Agreement ("the Option") entered into with the respondent (a corporation). The matter comes before me on the respondent's plea in bar and demurrer.

Inadvertently, no copy of the Option was attached to the motion for declaratory judgment. All parties agreed that the Option introduced as Exhibit 1 in the taking of evidence on the plea in bar is the Option incorporated in the motion for declaratory judgment as an exhibit.

Petitioners move to declare the Option void on the grounds that it is indefinite; that the respondent's president was incompetent when he signed the document; and that the Option violates the Rule Against Perpetuities. In its plea in bar, respondent asserts that it authorized its president to sign the Option; that it ratified the Option after its execution; that it does not seek to avoid the contract; and that Petitioner is precluded by laches from raising the competency of respondent's president when the contract was made. Respondent demurs on various grounds regarding the competency of its president (that petitioners lack standing to raise this issue; that even if its president was incompetent, the contract is only voidable, not void; that the motion for declaratory judgment itself alleges ratification by the respondent; and that the competency of the president is not an appropriate matter for declaratory judgment). Respondent also demurs on the grounds that the

Option is not indefinite as a matter of law and that the Rule Against Perpetuities does not apply.

### Competency of Respondent's President

Upon the taking of evidence, I grant the plea in bar. Even assuming that the respondent's president was incompetent when he signed the Option (and assuming Petitioners have standing to raise this issue), I find that respondent ratified the Option following its execution. The motion for declaratory judgment is dismissed to the extent it seeks to declare the Option void based on the alleged incompetency of the respondent's president.

The grounds of demurrer raising this issue are moot.

### Indefiniteness

The demurrer is sustained, without leave to amend, as to the issue of indefiniteness. The motion for declaratory judgment alleges no facts in support of the assertion that the option to purchase is indefinite but merely states the legal conclusion that the Option is "void because of its indefiniteness." Petitioners claim particularly that ¶ 4 of the Option is indefinite. Paragraph 4 of the Option Agreement states that it "shall remain in full force and effect during the entire term of the Lease but shall terminate sooner if the Tenant is judged to be in default of the Lease." The court need not examine the Lease between the parties (which is not yet part of the pleadings) in order to determine whether this clause is "indefinite." The language in ¶ 4, combined with Schedule A of the Option, which identifies the Lease's term as 360 months, provides that the Option will terminate when the Lease ends, or sooner, if ALH breaches the Lease. Neither ¶ 4 of the Option, nor any other paragraph, is indefinite. I find that as a matter of law, the Option is not indefinite.

### Rule Against Perpetuities

The demurrer is further sustained, without leave to amend, as to the allegation that the Option is void because it violates the Rule Against Perpetuities. The motion for declaratory judgment alleges no facts in support of the assertion that the Option violates the Rule but merely states the legal conclusion that the Option is "void . . . because it violates the Rule Against Perpetuities." As a matter of law, I find that the Option does not violate the Rule because the Option is appendant to a long-term lease between the parties. "The [Rule] does not apply to [an] option to purchase [if] the option is

appendant to a long-term commercial lease and exercisable within the term of the lease." *Citgo Petroleum Corp. v. Hopper*, 245 Va. 363, 365 (1993). Although *Citgo* involved an option agreement appendant to a commercial lease, its holding is applicable to options appendant to any type of long-term lease with a definite term. *Citgo*'s holding was based on the Restatement of Property § 395 (1944), which provides:

> When a lease limits in favor of the lessee an option exercisable at a time not more remote than the end of the lessee's term
> (a) to purchase the whole or any pat of the leased premises; or
> (b) to obtain a new lease or an extension of his former lease, then such option is effective, in accordance with the terms of the limitation, even when it may continue for longer than the maximum period [of the Rule Against Perpetuities].

*See, Citgo Petroleum Corp. v. Hopper*, 245 Va. 363, 365 (1993). This section of the Restatement does not distinguish between commercial and non-commercial leases. Furthermore, the Virginia Supreme Court indicated that its holding was intended to "stimulate improvement of the property and foster full use thereof by the lessee . . . [which] benefits the lessor, the lessee, and the community at large." *Id.* at 365-66. These public policy objectives apply to both commercial and non-commercial leases.

Petitioners argue that because they did not attach the Lease to the Motion for Declaratory Judgment, the Lease is not before the court and the court cannot consider this argument on demurrer. While I cannot examine the terms of the Lease, I need only examine the terms of the Option in order to determine whether the *Citgo* exception to the Rule applies. The Option states that the Lease term is 360 months and that the option is valid during the entire term of the Lease. The option is therefore "appendant to" the Lease and is not within the Rule Against Perpetuities under the *Citgo* exception.

Petitioners argue that because they did not attach the Lease to the Motion for Declaratory Judgment, the Lease is not before the court and the court cannot consider this argument on demurrer. While I cannot examine the terms of the Lease, I need only examine the terms of the Option in order to determine whether the *Citgo* exception to the Rule applies. The Option states that the Lease term is 360 months and that the option is valid during the entire term of the Lease. The option is therefore "appendant to" the lease and is not within the Rule Against Perpetuities under the *Citgo* exception.

For the reasons stated, the motion for declaratory judgment is dismissed with prejudice.