ROBERTSON, Presiding Justice,
for the Court:
Bernice C. Hughes appeals from a decree of the Chancery Court of Amite County, dismissing her bill of complaint. She had complained that an option she had given to Steven Rodney Miller to buy 39 acres of her land violated the rule against perpetuities, and had prayed for its cancellation.
On April 28, 1977, Miller purchased 20 acres of land from Mrs. Hughes for $500 per acre. On the same date by separate instrument she granted Miller:
“[T]he option to purchase the hereinafter described real estate under the following terms and conditions.
40 acres, more or less, less and except my home and one acre immediately surrounding the home to be determined by survey, Section 26, Township 1 North, Range 6 East, Amite County, Mississippi.
It is understood and agreed that the Grantor may or may not sell the above described property during her lifetime, but at her death or if she decides to sell, the property will be offered to the Grantee, his heirs or assigns at $500.00 per acre less oil, gas and other minerals therein, thereon or thereunder.
It is the purpose of this document to assure the Grantee that he will be able to purchase the above described property at the above mentioned terms.” (Emphasis added).
Mrs. Hughes assigns as error:
I. The Chancellor erred in holding the option did not violate the rule against perpetuities.
II. The Chancellor erred in dismissing the complaint because it alleged a perpetuities violation and the answer admitted the option was perpetual.
In 61 Am.Jur.2d, Perpetuities and Restraints on Alienation (1972), § 6, p. 10, we find this definition of the Rule against Per-petuities:
“The rule against perpetuities prohibits the creation of future interests or estates which by possibility may not become vested within a life or lives in being at the *610 time of the testator’s death or the effective date of the instrument creating the future interest, and 21 years thereafter,

In Pace v. Culpepper, 347 So.2d 1313 (Miss.1977), we held that the rule against perpetuities applied to options to sell and purchase real estate. The option executed by Mrs. Hughes to Miller does not violate the rule against perpetuities. It is limited in its duration to the lifetime of Mrs. Hughes. It expressly provides:
“[A]t her death . . the property will be offered to the Grantee, his heirs or assigns at $500.00 per acre less oil, gas and other minerals therein, thereon or thereunder.” (Emphasis added).
If Mrs. Hughes had not decided to sell during her lifetime, it was mandatory at her death for her heirs or legal representatives to offer the land to Miller, his heirs or assigns at $500.00 per acre. The future interest, if Miller exercised the option offered and elected to buy the land, would thus become vested within a short time after the death of the optioner.
The appellant also argues that, if Miller predeceased her, the option by its terms would be extended to “his heirs or assigns” and would violate the rule against perpetu-ities because the future interest or estate would not vest within 21 years of a life in being. The complete answer to this argument is that the measuring life is Mrs. Hughes’ life, not Miller’s. In Maudsley, Measuring Lives under a System of Wait-and-See, 86 L.Q.Rev., 357, 359 (1970), we find this language:
“As Morris and Leach put it, the lives in being must be either specified in the instrument or ‘necessarily involved in the limitations contained therein'.”
Mrs. Hughes’ life is specified in the option in question. She has the right to elect to sell during her lifetime, but when she passes away, the express language of the option instrument provides that the property be offered to Miller, if he is alive, but if he be dead then the offer to sell must be made to “his heirs or assigns.” Whether Miller survives or predeceases Mrs. Hughes makes not one particle of difference, since hers is “the life in being” specified in the option, and thus the measuring life applicable to the rule against perpetuities.
There is no merit in the assignment of error that Miller admitted in his answer that the option granted a perpetual right. That admission was merely a conclusion of the pleader.
In Shearron v. Shearron, 219 Miss. 27, 68 So.2d 71 (1954), this Court said:
“[T]he admissions are not conclusive on the party and the court is not precluded from a consideration of all of the evidence.” 219 Miss, at 39, 68 So.2d at 75.
In the case at bar, the trial court and this Court were entitled to hear and consider all of the evidence, both oral and documentary, before deciding whether the option in question violated the rule against perpetuities.
Our conclusion is that the option did not violate the rule and that the judgment of the trial court, being correct, must be affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.