296 S.E.2d 851

**Jessie SMITH, a Widow, Appellee,**

v.

**William H. VanVOORHIS, et al.,
Defendants Below,**

**Monongalia County Development
Authority, Appellant.**

**No. 15544.**

Supreme Court of Appeals of
West Virginia.

Oct. 15, 1982.

Jackson, Kelly, Holt & O'Farrell, George R. Farmer, Jr. and Allen R. Prunty, Morgantown, for appellant.

Wilson, Frame & Poling, Clark B. Frame and Richard D. Poling, Morgantown, for appellee.

MILLER, Chief Justice:

In this appeal from the Circuit Court of Monongalia County we are asked to decide whether a clause in a deed extending a right to purchase certain real estate violates the rule against perpetuities. We believe the clause does not violate the rule and affirm the decision of the lower court.

Six living descendents of Morton Van-Voorhis were owners of several hundred acres of real estate located in Monongalia County. This property passed to them as tenants in common upon the death of Van-Voorhis in 1925. On December 2, 1971, these six descendants entered into a voluntary partition of the real estate whereby each party became the owner in fee of a specific parcel. One such partition deed is in controversy. It conveyed fifty-seven acres of the property to William H. and Ann VanVoorhis. This partition deed contained this provision:

> "It is further agreed that none of the parties hereto, nor their heirs or assigns, will convey any part of the described real estate without first offering the same to the other heirs of Morton VanVoorhis at the same price and upon the same terms as the best offer received therefor by such owner desiring to sell, and the heirs of Morton VanVoorhis shall have the equal right to purchase said real estate for a period of thirty (30) days after the notice of such offer, and in the event two or more of the heirs of Morton VanVoorhis desire to purchase said real estate, the right to purchase shall be determined by lot."

On July 11, 1977, William H. and Ann VanVoorhis granted a two-year option to purchase their real estate with provisions for extensions and renewals to the Monongalia County Development Authority (hereinafter Development Authority) which exercised this option on August 11, 1980. Only after this occurred did they offer to sell the property to the other parties in the partition deed as required by the above-quoted provision.

One of the heirs, Jessie Smith, elected to exercise her right to purchase the property. She notified William H. and Ann VanVoorhis on September 25, 1980. Due to the uncertainty created by the two exercised options on the same property, they refused to convey the property to either party.

On October 14, 1980, Smith filed an action for declaratory judgment as to her

rights under the December 2, 1971 partition deed, naming William H. and Ann Van-Voorhis and the Development Authority as defendants. The Development Authority cross-claimed against VanVoorhis praying that its option be specifically enforced and that the real estate be conveyed to it.

The circuit court sitting without a jury granted the declaratory judgment in Smith's favor holding that the language of the December 2, 1971 deed established a right personal only to the six heirs and did not violate the rule against perpetuities and was therefore valid, thus, Smith could legally exercise her option to purchase the property. The Development Authority's cross-claim was dismissed.

■ In the present case we first clarify the identity of the contested provision. Both parties as well as the circuit court have labeled the clause as an "option." We, however, view the clause as a "pre-emptive right" also known as a "right of first refusal" or "first call." In *Atchinson v. The City of Englewood,* 170 Colo. 295, 463 P.2d 297, 301, 40 A.L.R.3d 904, 914 (1970), the Supreme Court of Colorado made this distinction between these two provisions:

> "In a typical option the optionee has the absolute right to purchase something for a definite consideration. A pre-emptive right involves the creation of the privilege to purchase only on the formulation of a desire on the part of the owner to sell; and ... the holder of the right must purchase for the price at which the owner is willing to sell to a third person."

Such a distinction has also been made by other courts. *E.g., Anderson v. Armour & Co.,* 205 Kan. 801, 473 P.2d 84 (1970); *Pace v. Culpepper,* 347 So.2d 1313 (Miss. 1977); *Beets v. Tyler,* 365 Mo. 895, 290 S.W.2d 76 (1956); *see generally* 61 Am. Jur.2d *Perpetuities and Restraints on Alienation* § 65 (1981).

■ Most courts that have had occasion to consider a pre-emptive right conclude that it is a sufficient executory interest to make it subject to the rule against perpetuities. *E.g., Atchinson v. The City of Englewood, supra; Neustadt v. Pearce,* 145 Conn. 403, 143 A.2d 437 (1958); *Pace v. Culpepper, supra; Davies v. McDowell,* 549 S.W.2d 619 (Mo.Ct.App.1977); *Forderhouse v. Cherokee Water Company,* 623 S.W.2d 435 (Tex.Civ.App.1981); *Robroy Land Co. v. Prather,* 95 Wash.2d 66, 622 P.2d 367 (1980); Annot., 40 A.L.R.3d 920 (1971).

■ Our usual formulation of the rule against perpetuities is found in Syllabus Point 5 of *Brookover v. Grimm,* 118 W.Va. 227, 190 S.E. 697 (1937):

> "The rule against perpetuities requires that 'every executory limitation, in order to be valid, shall be so limited that it must necessarily vest, if at all, within a life or lives in being, ten months and twenty-one years thereafter, the period of gestation being allowed only in those cases in which it is a factor.' 1 Minor on Real Property (2d Ed.) § 809."[1]

*See also Berry v. The Union National Bank,* 164 W.Va. 258, 262 S.E.2d 766 (1980);[2] *Conley v. Gaylock,* 144 W.Va. 457, 108 S.E.2d 675 (1959); *Goetz v. Old National Bank of Martinsburg,* 140 W.Va. 422, 84 S.E.2d 759 (1954); *Starcher Bros. v. Jeff Duty,* 61 W.Va. 373, 56 S.E. 524

---

1. This Court first used the term "executory limitation" in *Woodall v. Bruen,* 76 W.Va. 193, 195, 85 S.E. 170, 171 (1915), which held that the rule against perpetuities "forbids practically all executory limitations, whether by will or deed, that do not vest within the time arbitrarily prescribed." Generally, an "executory limitation" has been defined as "[a] limitation of a future interest by deed or will; if by will, it is also called an 'executory devise.'" Black's Law Dictionary 512 (5th ed. 1979).

2. In note 7 of *Berry v. The Union National Bank, supra* 164 W.Va. at 264, 262 S.E.2d at 770, we said:

"The most frequently quoted statement of the rule is found in *The Rule Against Perpetuities* § 201 (4th ed. R. Gray 1942) by John Chipman Gray: 'No interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest.' For a better understanding of the rule, *see* Professor Leach's articles, *Perpetuities in a Nutshell,* 51 Harvard L.Rev. 638 (1938) and *Perpetuities: The Nutshell Revisited,* 78 Harvard L.Rev. 973 (1965)."

(1907). In *Starcher Bros. v. Jeff Duty,* 61 W.Va. at 379, 56 S.E. at 526, we said:

"Mr. Gray, Rule Against Perp. Sections 329, 330, on the authority of the leading case of *London & S.W.R. Co. v. Gomm,* 20 Ch.D. 562, says: 'Whenever a contract raises an equitable right in property which the obligee can enforce in chancery by a decree for specific performance, such equitable right is subject to the rule against perpetuities.'"

In that case, this Court struck down an option to purchase that was perpetually renewable by the optionee upon paying ten dollars each year. Even though the pre-emptive right in the present case does not create a substantial burden on alienability,[3] it would appear that since it is an executory interest capable of being specifically enforced it is subject to the rule against perpetuities.

The critical question is whether the subject deed clause violates the time strictures of the rule against perpetuities. We believe that a fair analysis of its language when read against the undisputed facts reveals it does not. Initially, we advert to the fact that the subject deed is one of six similar partition deeds that were exchanged by the heirs of Morton VanVoorhis. It is undisputed that VanVoorhis died in 1923 and that the parties to these deeds were all his heirs. Thus the "heirs of Morton VanVoorhis" used in the deed clause represents a presently closed class of individuals who are the parties to the partition deeds. The pre-emptive right to purchase is set forth in this language:

"[W]ithout first offering the same to the other heirs of Morton VanVoorhis at the same price and upon the same terms as the best offer received therefor by such owner desiring to sell, and the heirs of Morton VanVoorhis shall have the equal right to purchase said real estate for a period of thirty (30) days after the notice of such offer, and in the event two or more of the heirs of Morton VanVoorhis desire to purchase said real estate, the right to purchase shall be determined by lot."

The right to purchase under the foregoing language is limited to the six existing parties who are all the heirs of Morton VanVoorhis. It does not extend to their heirs. When these six individuals die, the pre-emptive right will vanish. It is true that the first part of the clause which attaches or binds the pre-emptive right does so to "the parties hereto, ... their heirs or assigns." The trial court however correctly observed the right to purchase is given only to the original parties who are heirs of Morton VanVoorhis. They are lives in being and upon their deaths their pre-emptive right to purchase will be extinguished. Consequently, the pre-emptive right does not violate the rule against perpetuities.

We therefore affirm the trial court's judgment.

Affirmed.

---

3. Technically, whether the executory interest creates a heavy or light burden on the free alienability of property is not a consideration under the rule against perpetuities even though one of the historical purposes of the rule is to promote marketability. Simes, *Law of Future Interests* § 121 (3rd ed. 1966). The related doctrine of restraints on alienation is ordinarily where the degree of restraint is considered. 61 Am.Jur.2d *Perpetuities and Restraints on Alienation* § 102 (1981). Some courts have tended to intermingle the two concepts when it comes to a pre-emptive right. *E.g., Atchinson v. The City of Englewood, supra; Robroy Land Co. v. Prather, supra.* No issue was raised as to the doctrine of restraints on alienation, therefore, we do not address it.