453 S.E.2d 415

**David L. HENDERSON, Plaintiff Below, Appellant,**

v.

**Frank R. COOMBS, Sr.; Doris Coombs; Beaulah Coombs Widmer; Victor F. Widmer; David V. Coombs; Rita V. Coombs; and H.C.H., Inc., Defendants Below, Appellees.**

No. 22085.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 4, 1994.

Decided Dec. 21, 1994.

Grace J. Wigal, Gary S. Wigal, Morgantown, for appellant.

Michelle Widmer Eby, Westover, for appellees.

PER CURIAM:

This case is before this Court upon the June 16, 1993 order of the Circuit Court of Monongalia County. In that order the circuit court granted the appellees', Frank R. Coombs, Sr., Doris Coombs, Beaulah Coombs Widmer, Victor Widmer, David Coombs, Rita Coombs and H.C.H., Inc., motion for summary judgment. On appeal, the appellant, David L. Henderson, asks that this Court reverse this order and remand the case to the circuit court.

I

S & M Mining Company (hereinafter "S & M"), owned by Sam Henderson and Michael Stromick, mined coal in Monongalia County. During the late 1960s and early 1970s, S & M

mined coal on property owned by Herschel V. Coombs and his family. Royalties were paid to the Coombs family from an S & M account as a result of the mining.

In 1974, an agreement was culminated between Herschel V. Coombs and S & M for the mining rights for a piece of property known as the Falls Hill property. The property was apparently purchased for $5,000 in cash and a series of checks for an additional $1,000 for a total of $6,000. The checks were drawn from an account identified as the Fort Martin Coal, Inc., account, and the appellees maintain that none of the checks were made payable to Herschel V. Coombs.

The appellant claims that S & M was finally able to secure from Herschel V. Coombs a deed for the property dated April 15, 1976. The deed apparently transferred the property to the appellant, Sam Henderson's son. In addition, the deed contained a clause which required the appellant to transfer the property to Dale Coombs, Herschel V. Coombs' son, after the coal was mined.

In 1986, the deed had apparently been produced to verify ownership in order to obtain a mining permit. Thereafter, the deed was taken to S & M's attorney to be recorded, however, the deed was never actually recorded.

On August 29, 1985, Herschel V. Coombs died and was survived by two sons and preceded in death by his wife and one son. Herschel V. Coombs' will was probated and his estate was divided between his two sons and the two children of his deceased son. The will provided that the Falls Hill property was to be divided equally between the three sons.

After the will was probated, Dale Coombs advised the other heirs that it was his understanding that his father had sold the property to Sam Henderson. However, the appellees allege that there was no evidence that ownership by the appellant had been asserted or that the property had been utilized until after Herschel V. Coombs' death. The appellees submit that a search of the courthouse records revealed that no such deed

regarding the appellant's ownership had been recorded.

The appellees claim that they had repeatedly requested that the appellant prove his claim through the form of a deed, and yet, he never produced such a document. Five years later, on August 22, 1990, the appellees transferred their interest in the property to a third party, H.C.H., Inc. The deed confirming this transaction was dated December 13, 1990.

The appellant filed a complaint for a declaratory judgment action on February 4, 1992, in order to determine ownership of the Falls Hill property. The appellant produced a copy of the purported deed.

On June 16, 1993, the circuit court granted the appellees' motion for summary judgment. The circuit court noted that the original deed was never offered to the court as evidence. However, the court found the deed was void as a matter of law based upon the rule against perpetuities. Specifically, the court stated the deed created an executory limitation for the benefit of Dale Coombs to vest when the coal is completely mined. Because the mining could be completed at any time, the interest is not sure to vest or fail within the time allotted by the rule. The court further found the checks paid to the appellees were too remote in time of the signing of the 1976 deed, because the checks pre-dated the proposed sale by two years.

## II

In reviewing the circuit court's decision, we are guided by the principles applicable to motions for summary judgment. We have most recently recognized that "[a] circuit court's entry of summary judgment is reviewed *de novo.*" Syl. pt. 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994). In determining whether such a motion should be granted, we have held: "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. pt. 3, *Aetna Casualty & Surety Co. v. Federal Ins. Co. of N.Y.,* 148 W.Va. 160, 133 S.E.2d 770 (1963). However, such a motion should be denied "[i]f there is

no genuine issue as to any material fact summary judgment should be granted but such judgment must be denied if there is a genuine issue as to a material fact." *Id.* at syl. pt. 4.

Thus, "[t]he question to be decided on a motion for summary judgment is whether there is a genuine issue of fact and not how that issue should be determined." *Id.* at syl. pt. 5. When making our determination as to whether there is a genuine issue of material fact between the parties, this Court construes the facts " 'in a light most favorable to the losing party[.]' " *Alpine Prop. Owners v. Mountaintop Dev.,* 179 W.Va. 12, 17, 365 S.E.2d 57, 62 (1987) *citing Masinter v. WEBCO Co.,* 164 W.Va. 241, 242, 262 S.E.2d 433, 435 (1980). *See also Renner v. Asli,* 167 W.Va. 532, 534, 280 S.E.2d 240, 242 (1981). We, therefore, conclude this synopsis by noting "[s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." *Painter, supra,* at syl. pt. 4. With these basic principles of review in mind, we turn to the issue before us.

## III

In the action before this Court, the trial judge granted summary judgment largely upon the issue of whether the conveyance in question violated the rule against perpetuities. We are asked to review this appeal in that context. This we cannot do. As evidenced by the trial judge's memorandum order, certain threshold questions were not determined. Accordingly, a ruling upon the rule against perpetuities issue was premature.

In particular, the trial court initially should have determined whether a valid deed was executed conveying property to the appellant. In the pleadings, both parties argue that the deed, or a portion of it, is a nullity for one reason or another. In the case of *Sally–Mike Properties v. Yokum,* 175 W.Va. 296, 332 S.E.2d 597 (1985), this Court held in syllabus point 3 that "[n]o part of a deed

should be declared void for uncertainty if it is possible, by any reasonable rule of construction, to ascertain from the description, aided by extrinsic evidence, the property intended to be affected." While we have this standard, too many unanswered questions remain in this case.

First and foremost it is unclear if the document in question is a valid deed. The original deed has not been proffered, and no such deed was ever recorded. Moreover, the appellant as well as the appellees acknowledge problems surrounding the execution of the alleged document. The number of pages of the deed is in question. When the complaint was filed, one page of a copy of the deed was missing. Later, during discovery, another page was added. In addition, the signatures upon the deed have been questioned, and the signature of the appellant has been said to be a forgery. The delivery of the deed to the appellant and the consideration for it have been brought into question. Specifically, the payment for the conveyance does not appear to be contemporaneous with the "execution" of the deed.

In addition to those problems, the obligations of the appellant under the deed to mine and remove coal from the property are not clear. And his failure to complete removal of the coal remains unanswered. Finally, the appellant's authority to sell the property is unanswered.

Lastly, if it is determined that the purported document is a valid deed, clarification as to other matters must be ascertained. For example, if the language in the deed is violative of the rule against perpetuities, is the entire deed void? It is not necessary for us to go through a detailed summary of the rule against perpetuities in this opinion but generally it should be noted certain equitable rehabilitation methods, either reformation or the doctrine of infectious invalidity, could possibly be used in order to comport with the intentions of the grantor. *See Smith v. VanVoorhis,* 170 W.Va. 729, 296 S.E.2d 851 (1982); *W.Va.Code,* 36–1A–1, *et seq.*; 61 Am. Jur.2d *Perpetuities* § 96 (1981); *Restatement (Second) of Property* § 23.1 (1986). *See generally Berry v. Union National Bank,* 164

W.Va. 258, 262 S.E.2d 766 (1980). However, this gives rise to the next question: What were the grantor's intentions when the deed was drafted? We have recognized that "where the intent of the parties is clearly expressed in definite and unambiguous language on the face of the deed itself, the court is required to give effect to such language and, ordinarily will not resort to parole or extrinsic evidence." *Pocahontas Land Corp. v. Evans,* 175 W.Va. 304, 308, 332 S.E.2d 604, 609 (1985) (citations omitted). In this instance, however, further development of the record is needed regarding the issue of intent.

A review of the record considered in the light most favorable to the appellant (the non-moving party) reveals that genuine issues of material fact clearly remain in this case. The record has not been adequately developed to resolve the conflicts that exist with respect to this deed and the action herein. This Court does not favor the use of summary judgment especially where factual development is necessary to clarify the application of the law. *See Lengyel v. Lint,* 167 W.Va. 272, 281, 280 S.E.2d 66, 71 (1981). *See also Alpine Prop. Owners, supra,* at 17, 365 S.E.2d at 62.

Accordingly, because certain facts are still disputed which lead to unresolved issues regarding the document, we find that it was premature for the circuit court to preclude discovery in this case and grant the appellees' motion for summary judgment. We, therefore, remand this case to the circuit court for proceedings consistent with this opinion. Thus, the judgment of the Circuit Court of Monongalia County is reversed and this case is remanded.

Reversed and remanded.

BROTHERTON, C.J., did not participate.

MILLER, Retired Justice, sitting by temporary assignment.