# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2021 Term

_____

No. 19-0888

_____

FILED
June 4, 2021
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LANNA KLEIN,**
**Plaintiff Below, Petitioner**

v.

**DARLENE McCULLOUGH,**
**Defendant Below, Respondent**

_____

Appeal from the Circuit Court of Tyler County
The Honorable David W. Hummel, Jr., Judge
Civil Action No. 18-C-38-H

**REVERSED AND REMANDED**
_____

Submitted: January 12, 2021
Filed: June 4, 2021

Edmund L. Wagoner, Esq.                    David L. Delk, Jr., Esq.
David E. Goddard, Esq.                     Grove, Holmstrand & Delk, PLLC
Goddard & Wagoner PLLC                     Wheeling, West Virginia
Morgantown, West Virginia                  Counsel for the Respondent
Counsel for the Petitioner


JUSTICE HUTCHISON delivered the Opinion of the Court.

JUSTICE ARMSTEAD and JUSTICE WOOTON concur, and reserve the right to
file separate opinions.

# SYLLABUS BY THE COURT

1.    "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*."  Syl. pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc*., 194 W. Va. 770, 461 S.E.2d 516 (1995).

2.    "Persons not named in the premises or granting clause of a deed of conveyance are strangers thereto."  Syl. pt. 2, *Collins v. Stalnaker*, 131 W. Va. 543, 48 S.E.2d 430 (1948).

3.    "A reservation or an exception in favor of a stranger to a conveyance does not serve to recognize or confirm a right which does not exist in his favor when the conveyance which contains such reservation or exception is made."  Syl. pt. 3, *Erwin v. Bethlehem Steel Corp*., 134 W. Va. 900, 62 S.E.2d 337 (1950).

4.    A clause in a deed giving a stranger a right of first refusal is neither a reservation nor an exception to the granting clause of the deed.  Hence, the clause may not be considered void under the "stranger to the deed" rule expressed in Syllabus Point 3 of *Erwin v. Bethlehem Steel Corp*., 134 W. Va. 900, 62 S.E.2d 337 (1950).

5.    "This Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance."  Syl. pt. 2, *Sands v. Security Trust Co*., 143 W. Va. 522, 102 S.E.2d 733 (1958).

i

**HUTCHISON, Justice**:

In this appeal from the Circuit Court of Tyler County we examine the "stranger to the deed" rule. The deed in question conveyed land from the grantor to the grantee, but contained a clause requiring the grantee to give a third party – a "stranger" – the right of first refusal to any future conveyance of the land. The "stranger to the deed" rule is an ancient one that identifies someone who is neither a grantor nor a grantee to a conveyance as a "stranger." The rule also posits that any property interest in favor of that stranger, and which is contained in a reservation or an exception, is void.

In the order on appeal, the circuit court applied the rule and concluded that the right of first refusal clause in the deed favored a stranger and was, accordingly, void and unenforceable. As we discuss below, we hold that a right of first refusal clause in a deed is neither a reservation nor an exception, and such a clause is therefore outside the boundaries of the "stranger to the deed" rule. Consequently, we reverse the circuit court's order.

## I. Factual and Procedural Background

In 1995, Julia McCullough owned a parcel of land, including the oil and gas rights thereunder, in Tyler County. By a deed dated June 24, 1995, Julia conveyed the parcel to her son, Benjamin F. McCullough. However, there was a "right of first refusal" clause in the deed: "This conveyance is made subject to the provision that upon the subsequent conveyance, sale or devise of the said property, the said Benjamin F.

1

McCullough, his heirs or assigns, shall offer a first right of refusal to . . . Lanna L. Klein[.]" Lanna L. Klein was Benjamin's sister, and she is the plaintiff in this case.

Benjamin McCullough died in 2010, and his will left his entire estate, including the Tyler County parcel, to his wife, defendant Darlene McCullough. A short time later, the defendant conveyed the parcel to two other individuals (neither of whom was the plaintiff), and those individuals subsequently leased the oil and gas. The parties agree that the defendant never offered to let the plaintiff purchase the parcel.

Plaintiff Lanna Klein filed a complaint against her sister-in-law, defendant Darlene McCullough, seeking to enforce the "right of first refusal" clause in the 1995 deed.[1] The defendant responded with a motion to dismiss the complaint asserting that the plaintiff had failed to state a claim upon which relief could be granted.[2] Specifically, the defendant noted that the plaintiff was a "stranger" to the 1995 deed because the plaintiff was neither the grantor nor the grantee. Further, the defendant argued that the plaintiff's claimed interest in a right of first refusal was contained within a reservation or exception.

---

[1] The plaintiff also sued: Eric Cochran and Brian Cochran, the individuals who purchased the parcel from defendant McCullough; Antero Resources Corporation, the company which leased the oil and gas rights from the Cochrans; and Greenbrier Royalty Fund, LLC, a company that bought Eric Cochran's oil and gas rights. The plaintiff's complaint notes that the defendant conveyed the surface of the property to the Cochrans, but "Ted McCullough, another sibling of Benjamin McCullough" later obtained ownership of the surface. Hence, the parties agree that only the oil and gas rights beneath the Tyler County parcel are at issue.

[2] *See* W. VA. R. CIV. PRO. Rule 12(b)(6).

At common law, the "stranger to the deed" rule is that a "reservation or an exception in favor of a stranger to a conveyance does not serve to recognize or confirm a right." Syl. pt. 3, *Erwin v. Bethlehem Steel Corp.*, 134 W. Va. 900, 62 S.E.2d 337 (1950). Stated simply, "[a] reservation to a stranger to the instrument is void for all purposes." *Beckley Nat'l Exch. Bank v. Lilly*, 116 W. Va. 608, 182 S.E. 767, 773 (1935). The defendant argued that, because the plaintiff was a stranger to the 1995 deed, she received no legally enforceable right of first refusal in the conveyance between Julia McCullough and Benjamin McCullough.

Plaintiff Klein admitted that she was a stranger to the deed. Accordingly, in an order entered September 18, 2019, the circuit court concluded that "the right of first refusal in favor of Lanna Klein in the deed is void, inoperative and cannot be enforced by the plaintiff." The circuit court then granted the defendant's motion to dismiss the complaint.[3] The plaintiff now appeals the circuit court's order.

## II. Standard of Review

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995).

---

[3] Because the plaintiff's claims against the other defendants in the complaint were dependent upon the plaintiff being able to maintain a claim against the defendant, the circuit court concluded it was required to dismiss those claims as well.

### III. Discussion

The plaintiff contends that the circuit court erred in applying the "stranger to the deed" rule to the right of first refusal in the 1995 deed. Before exploring the plaintiff's arguments, we first examine the rule.

The "stranger to the deed" rule derives from feudal interpretations of deeds. The rule presumes that deeds conveying land are between a grantor and a grantee, and views with distrust any attempt to use the deed to create a property interest in any other party – that is, a "stranger." "Strangers to the deed are those who are not parties to it." *Conway v. Miller*, 232 P.3d 390, 397 (Mont. 2010). The long-established rule in many jurisdictions is that, in a deed, a reservation in favor of a stranger to the instrument creates in that stranger no new right or interest in the property. "The early rule, still strongly adhered to in most jurisdictions, is that in an instrument of conveyance a mere reservation in favor of a stranger to the deed is inoperative to create in him any right or interest in the property conveyed." Annotation, *Reservation or exception in deed in favor of stranger*, 88 A.L.R.2d 1199 (1963). "A reservation of interest in real property, to be good, must be made to all, some, or one of the grantors, and not to a stranger to the deed." 23 AM. JUR. 2D *Deeds* § 68 (2021).

West Virginia observes the "stranger to the deed" rule. In 1935, this Court recognized deeds cannot contain language in an exception or a reservation that "operate[s] actually to vest rights in the property . . . in persons who are strangers to the instrument."

4

Syl. pt. 3, in part, *Beckley Nat'l Exch. Bank v. Lilly*, 116 W. Va. at 608, 182 S.E. at 767. We later clarified that "[p]ersons not named in the premises or granting clause of a deed of conveyance are strangers thereto." Syl. pt. 2, *Collins v. Stalnaker*, 131 W. Va. 543, 48 S.E.2d 430 (1948).

In the 1950 case of *Erwin v. Bethlehem Steel Corporation*, 134 W. Va. at 909, 62 S.E.2d at 343, this Court expounded upon the rule, noting that at the time it was "elementary law, stated in every text book on the subject, that a reservation or exception in favor of a stranger to a conveyance is void or inoperative." Our review of the law led us to conclude that

> it is evident that an exception or a reservation in favor of a stranger to a conveyance is void or inoperative to the extent that it may undertake to create or vest a new right or interest in his favor, or to enlarge or extend his then existing right or interest, and that it can operate only to recognize, confirm, or preserve an existing right or interest held or owned by him at the time such conveyance is made.

134 W. Va. at 910, 62 S.E.2d at 343. We therefore adopted the following rule in Syllabus Point 3 of *Erwin*: "A reservation or an exception in favor of a stranger to a conveyance does not serve to recognize or confirm a right which does not exist in his favor when the conveyance which contains such reservation or exception is made."

The parties in this case agree that the 1995 deed was solely between Julia McCullough, as the grantor, and Benjamin McCullough, as the grantee. To the extent that the plaintiff's name appears in the deed, the parties agree she is neither a grantor nor a grantee and that she meets the technical definition of a "stranger to the deed."

Nevertheless, the plaintiff contends that the circuit court erred in applying the rule in this case, and she offers two arguments in support. First, before the circuit court and in her brief to this Court, the plaintiff asserted that a reservation or exception in a deed refers to an interest that touches the land, while a right of first refusal exists separate from the land and is simply a contractual right to receive an offer. Hence, the plaintiff argued that the "stranger to the deed" rule should not be interpreted to apply to rights of first refusal and that the rule is limited to reservations and exceptions.

An "exception" in a deed is a clause withdrawing some part of the property conveyed from the grant, usually a property interest that is already in existence, while a "reservation" creates or reserves some new interest in the grantor(s):

> An exception withdraws from the operation of the conveyance some part of the thing granted, which, but for the exception, would have passed to the grantee under the general description; while the reservation is the creation in behalf of the grantor of some new right issuing out of the thing granted,—that is to say, something which did not exist as an independent right.

*Erwin*, 134 W. Va. at 915, 62 S.E.2d at 346. *See also*, *Tate v. United Fuel Gas Co.*, 137 W. Va. 272, 280, 71 S.E.2d 65, 70 (1952) (in "a deed of conveyance," an exception allows the grantor to "withdraw[] from the operation of the conveyance that which is in existence, and included under the terms of the grant," while a reservation is "something arising out of the thing granted, not then *in esse*, or some new thing created or reserved, issuing or coming out of the thing granted, and not a part of the thing itself[.]"); Howard H. Harris, *Reservations in Favor of Strangers to the Title*, 6 Okla.L.Rev. 127, 128 (1953) ("Technically, an *exception* is a provision in a deed which excludes from the operation of

6

the grant an existent thing or estate which would otherwise pass to the grantee under the general terms of the grant. A *reservation* is a provision in a deed creating some new right or interest issuing out of the thing granted which did not exist before as an independent right in behalf of the grantor."). In practical effect, this Court has conceded that while "technically there is a distinction between an exception and a reservation, they are often regarded as synonymous." *Erwin*, 134 W. Va. at 914, 62 S.E.2d at 345.[4] What is clear, though, is that our cases have described exceptions and reservations exclusively in relation to interests in real property being conveyed.

A "right of first refusal," however, is effectively a contractual right (even if the right burdens real property). It is defined as a "pre-emptive right" that "involves the creation of the privilege to purchase [real property] only on the formulation of a desire on the part of the owner to sell; and the holder of the right must purchase for the price at which

---

[4] One treatise offers the following guidance when questioning whether a deed condition is an "exception" or a "reservation":

> The terms "reservation" and "exception" are often used as synonymous when the thing to be secured to the grantor is a part of the granted premises, and when so used, they are to be construed accordingly. Thus, although the terms "reservation" and "exception" are often used interchangeably, in determining whether a provision is a reservation or an exception, the parties' intention, not the language used, is the dominating factor; and the circumstances existing at the time of the execution of the deed, the situation of the parties, and the subject matter must be considered.

4 TIFFANY REAL PROP. § 972 (3d ed. 2020).

the owner is willing to sell to a third person." Syl. pt. 2, *Smith v. VanVoorhis*, 170 W. Va. 729, 730, 296 S.E.2d 851, 852 (1982). A preemptive right, such as a right of first refusal, "does not give the preemptioner the power to compel an unwilling owner to sell; it merely requires the owner, when and if he decides to sell, to offer the property first to the person entitled to the preemptive right at the stipulated price[.]" *John D. Stump & Assocs., Inc. v. Cunningham Mem'l Park, Inc*., 187 W. Va. 438, 443, 419 S.E.2d 699, 704 (1992) (quoting *Mercer v. Lemmens*, 230 Cal.App.2d 167, 170, 40 Cal.Rptr. 803, 805 (1964)). Hence, we concluded in Syllabus Point 3 of *John D. Stump*:

> The owner of property burdened by a pre-emptive right, also known as a right of first refusal, must, before selling such property to a third party, give written notice to the rightholder of the third party's offer and of the owner's intention to accept such offer. The rightholder is then required to advise the owner that he is willing to purchase the property on the same terms.

Examining the differences between reservations and exceptions on the one hand, and preemptive rights such as a right of first refusal on the other, we agree with the plaintiff's argument that rights of first refusal are exempted from the "stranger to the deed" rule.[5] Accordingly, we hold that a clause in a deed giving a stranger a right of first refusal

---

[5] Our research reveals one other court that, confronted with a similar situation, refused to apply the "stranger to the deed" rule to a right of first refusal. In *Peters v. Smolian*, 63 N.Y.S.3d 436, 440 (N.Y. App. Div. 2017), a New York appellate court found that "[i]n practice, a 'reservation' refers to an interest that touches the land, such as a right to use, occupy, profit from, or enjoy the land being conveyed." While a right of first refusal "has been characterized as an interest in land," the court found that the right is essentially "a restriction on the power of one party to sell without first making an offer of purchase to the other party upon the happening of a contingency: the owner's decision to sell to a third party." *Id*. Because a right of first refusal is "a preemptive or contractual

Continued . . .

is neither a reservation nor an exception to the granting clause of the deed. Hence, the clause may not be considered void under the "stranger to the deed" rule expressed in Syllabus Point 3 of *Erwin v. Bethlehem Steel Corp.*, 134 W. Va. 900, 62 S.E.2d 337 (1950).

We now consider the 1995 deed between Julia McCullough and Benjamin McCullough, and examine the clause expressing the grantor's and grantee's intention to create "a right of first refusal" in the plaintiff "upon the subsequent conveyance, sale or devise" of the Tyler County parcel. The plaintiff was neither a grantor nor grantee under the deed, and she has conceded that she may be considered a "stranger." However, because the right of first refusal language was neither a reservation nor an exception, the circuit court should not have considered the language void under the "stranger to the deed" rule. Accordingly, we find that the circuit court erred when it applied that rule and dismissed the plaintiff's complaint.

Furthermore, at oral argument before this Court, the plaintiff raised a second argument in support of her position that the circuit court erred. That argument is, effectively, that this Court should abandon the "stranger to the deed" rule entirely. Our research reveals that there is appeal to this position because many modern commentators and courts have attacked the rule as groundless and have fervently called for its abolition. The "stranger to the deed" rule is rooted in an ancient mistrust of written deeds that arose

---

right to 'receive an offer,'" the court found that the right was "not void under the stranger to the deed rule." *Id*.

9

when deeds displaced livery of seisin. Yet the rule survives long after the reason that initially gave it birth has faded into obscurity. Harris, 6 Okla.L.Rev. at 131. When the California Supreme Court abandoned the rule, it called it "an inapposite feudal shackle." *Willard v. First Church of Christ, Scientist*, 498 P.2d 987, 989 (1972). Other courts, which have rejected the feudal "stranger" rule, have exchanged it for the "modern" rule that the interpretation of deeds should be guided by the intent of the parties, not by ancient formulaic principles with no contemporary justification.[6] As one court said when repealing the rule:

> Joining the enlightened approach that the intent should control and that archaic and inappropriate feudalistic principles should no longer apply, this court determines that the rule is repealed. Persuasive critique and reasoned justification in the cases and texts lead us to abandon this relic of feudal law in the direction of the modern rule of the societal recognition of the intent evidenced by the document.

---

[6] As we have said:

The function of the Court when presented with such a question is "to ascertain the true intent of the parties as expressed by them in the deed, lease or other written instrument under consideration." *Davis v. Hardman*, 148 W. Va. 82, 88-89, 133 S.E.2d 77, 81 (1963). In this regard, the manifest intent of the parties supersedes the commonly ignored technical differences between a "reservation" and an "exception." *See Freeport Coal Company v. Valley Point Mining Company*, 141 W.Va. 397, 401, 90 S.E.2d 296, 299 (1955). It has long been recognized that, "It makes no difference whether the word used is 'except' or '[reserve],' the intent being the matter to be considered." *Preston v. White*, 57 W.Va. 278, 282-83, 50 S.E. 236, 237-38 (1905)[.]

*Sally-Mike Properties v. Yokum*, 175 W. Va. 296, 300, 332 S.E.2d 597, 600 (1985).

*Simpson v. Kistler Inv. Co.*, 713 P.2d 751, 756 (Wyo. 1986).[7]

As compelling as we might find the plaintiff's abandonment argument, we must decline to consider it for an obvious reason: it was *not* presented to the circuit court in the first instance. It was instead raised first before this Court, and only then at oral argument. Our general rule is that when a nonjurisdictional question has not been decided

---

[7] Our research reveals at least ten jurisdictions that have clearly either abandoned, or refused to adopt, the "stranger to the deed" doctrine in some fashion. *See Dalton v. Eller*, 284 S.W. 68 (Tenn. 1926); *Townsend v. Cable*, 378 S.W.2d 806 (Ky. 1964); *Garza v. Grayson*, 467 P.2d 960 (Or. 1970); *Willard v. First Church of Christ, Scientist*, 498 P.2d 987 (Cal. 1972); *Holland v. Holland*, 509 S.W.2d 91 (Mo. 1974); *Malloy v. Boettcher*, 334 N.W.2d 8 (N.D. 1983); *Simpson v. Kistler Inv. Co.*, 713 P.2d 751 (Wyo. 1986); *Aszmus v. Nelson*, 743 P.2d 377 (Alaska 1987); *Uhes Profit Sharing Plan & Tr. v. Blake*, 892 P.2d 439 (Colo. App. 1995); and *Conway v. Miller*, 232 P.3d 390 (Mont. 2010). At least two states have statutes permitting the creation of a property interest in a stranger by means of a reservation or exception. *See* R.I. Gen. Laws § 34-11-10; S.D. Codified Laws § 43-4-19. Even England, where the rule originated in feudal property law, repealed the rule by statute in 1925. *See* Law of Property Act 1925, § 65. It was also rejected by the drafters of the first *Restatement of Property*. *Restatement of Property* § 472 (1944) (permitting reservations of easements in strangers). *See also* Harris, 6 Okla.L.Rev. at 132 (the "stranger to the deed" rule "was designed to strike down reservations . . . regardless of what the court might conceive the grantor's intention to be. . . . It is sufficient here to say that at common law A could by the same instrument convey the surface of Blackacre to B and the mineral rights to Blackacre to C, but [because of the 'stranger to the deed' rule] A could not effect this same result by a conveyance to B with a purported reservation of the mineral rights to C."); Richard W. Lasater II, *Reservations in Favor of Strangers to the Title: California Abandons the Common Law Rule*, 24 Hastings L.J. 469 (1973). A host of cases nationwide, too many to list, have simply side-stepped the "stranger to the deed" rule (often without mention) and either upheld interests in strangers, or declared certain individuals (like heirs of the grantor) were not strangers. *See, e.g., Weller v. Carr*, No. 17-1043, 2019 WL 1591875 (W.Va. Apr. 15, 2019) (memorandum decision) (deed between grantor and grantee reserved right-of-way across tract for the benefit of several neighboring, landlocked tracts owned by others); *Beverlin v. Casto*, 62 W.Va. 158, 57 S.E. 411 (1907) (grantor deeded land to grantee but reserved an enforceable "life time dower" interest in grantor's wife).

at the trial court level, and is then first raised before this Court, it will not be considered on appeal. *See, e.g.*, Syl. pt. 2, *Sands v. Security Trust Co.*, 143 W. Va. 522, 102 S.E.2d 733 (1958) ("This Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance."); Syl. pt. 2, *Cameron v. Cameron*, 105 W. Va. 621, 143 S.E. 349 (1928) ("This court will not review questions which have not been decided by the lower court."). The reasons behind this rule are many, including that "it is manifestly unfair for a party to raise new issues on appeal." *Whitlow v. Bd. of Educ. of Kanawha Cty.*, 190 W. Va. 223, 226, 438 S.E.2d 15, 18 (1993). But, on this legal question, "there is also a need to have the issue refined, developed, and adjudicated by the trial court, so that we may have the benefit of its wisdom." *Id.*

In summary, but for the well-founded principle requiring parties to present arguments to the trial court in the first instance, this Court might have been impelled to abolish the "stranger to the deed" rule. We must, however, decline the plaintiff's sudden invitation at oral argument to do so.

## IV. Conclusion

The circuit court erred in granting the defendant's motion to dismiss the plaintiff's complaint under the "stranger to the deed" rule. Accordingly, we reverse the September 18, 2019, order and remand the case to the circuit court for further proceedings.

Reversed and remanded.