IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2014 Term

_____

No. 13-0926

_____

**FILED**
**September 30, 2014**
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

JERRY N. BLACK, M.D.,
Defendant Below, Petitioner

v.

ST. JOSEPH'S HOSPITAL OF BUCKHANNON, INC.,
Plaintiff Below, Respondent

_____

Appeal from the Circuit Court of Upshur County
The Honorable John L. Henning, Jr., Judge
Civil Action No. 12-C-52

AFFIRMED IN PART; REVERSED IN PART; and REMANDED

_____

Submitted: September 3, 2014
Filed: September 30, 2014

J. Burton Hunter, III, Esq.                     Marc E. Williams, Esq.
J. Burton Hunter, III and Associates, PLLC       Robert M. Sellards, Esq.
Buckhannon, West Virginia                        Kelly Calder Mowen, Esq.
Counsel for the Petitioner                       Nelson Mullins Riley & Scarborough, LLP
                                                 Huntington, West Virginia
                                                 Counsel for the Respondent

JUSTICE KETCHUM delivered the Opinion of the Court.

## SYLLABUS BY THE COURT

"An option given for the sale of land, supported by a valuable consideration, is not a sale of real estate, nor an agreement to sell, but is an executed contract, giving the optionee the exclusive privilege of purchasing within the time limited, and which cannot be withdrawn during the time stipulated for; and upon acceptance within that time it becomes an executory contract for the sale of land, which may be specifically enforced in a proper case." Syllabus Point 2, *Pollock v. Brookover*, 60 W.Va. 75, 53 S.E. 795 (1906).

Justice Ketchum:

Petitioner/defendant below, Dr. Jerry N. Black ("Dr. Black"), appeals from an order of the Circuit Court of Upshur County granting summary judgment in favor of respondent/plaintiff below, St. Joseph's Hospital of Buckhannon, Inc. ("hospital"). The hospital filed a complaint for declaratory judgment asking the circuit court to declare that an "Option to Repurchase" agreement it entered into with Dr. Black was an option contract rather than a "right of first refusal." The hospital's complaint did not seek a determination of whether the "Option to Repurchase" agreement was a *valid* option contract or a determination of the time frame in which it could exercise the option.

At the summary judgment hearing, both parties agreed that the "Option to Repurchase" agreement was, in fact, an option contract. During the hearing, counsel for Dr. Black stated that the actual disagreement between the parties concerned the time frame in which the option could be exercised. The circuit court stated, "That's not part of the case . . . . I'm not deciding that one way or the other. Please prepare an Order which says that the matter was determined by the Court to be an option contract . . . that is the sole question decided by this Court." Following this hearing, counsel for the hospital prepared an order stating that the "Option to Repurchase" agreement is an option contract, but added that the "Option Contract is a *valid* Option Contract under West Virginia law." (Emphasis added). The circuit court entered the order prepared by the hospital, over Dr. Black's objection, on August 8, 2013.

1

On appeal, Dr. Black argues that the validity of the option contract was not an issue before the circuit court. Dr. Black states that the hospital's complaint for declaratory judgment only sought a determination of whether the "Option to Repurchase" agreement was an option contract rather than a "right of first refusal." Because the validity of the option contract was outside the scope of the hospital's complaint, according to Dr. Black, he asks that we reverse the summary judgment order's ruling that "[the] Option Contract is a *valid* Option Contract under West Virginia law."

After review, we find that the hospital's complaint for declaratory judgment did not seek a determination of the validity of the option contract or a determination of the time frame in which the option could be exercised. It only sought a determination of whether the "Option to Repurchase" agreement was an option contract rather than a "right of first refusal." Further, the circuit court's announced decision at the summary judgment hearing made no ruling on the validity or time frame in which the option contract could be exercised. Instead, the circuit court stated that the "sole issue" it decided was that the "Option to Repurchase" agreement was an option contract. We therefore reverse the ruling contained in the circuit court's summary judgment order that the "Option Contract is a *valid* Option Contract under West Virginia law." We affirm the order's ruling that the "Option to Repurchase" agreement is an option contract.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 3, 1982, Dr. Black and the hospital entered into a "Memorandum Agreement" in which the hospital agreed to deed certain real property to Dr. Black upon which he would construct a building, at his own expense, to serve as the location for his medical practice.[1] The "Memorandum Agreement" contains the following provision: "Hospital . . . is hereby granted the first option to purchase the land for the sum of $1.00 and the Physicians Office Building pursuant to the terms and conditions shown on the option agreement attached hereto[.]"[2] The attached agreement is entitled "Option to Repurchase." It states that Dr. Black does "hereby grant to Hospital the first option to purchase the premises known as Physicians Office Building . . . This option shall expire

---

[1] This property is located in Upshur County, West Virginia, and contains 13,069 square feet. The "Memorandum Agreement" includes the following:

> Physician [Dr. Black] agrees that the Unit within the building will be used and occupied only by members of the medical, surgical and oral surgical staff at St. Joseph's Hospital hereinafter referred to Physician. In addition, only those activities reasonably related to the practice of Physician shall be permitted in the Unit provided and further, only if such activities are performed in conjunction with or are supportive of the practice of the Doctors.

[2] The terms and conditions state "[t]he purchase price shall be the sum of One Dollar ($1.00) and the fair market value for the building . . . as determined by three arbitrators."

3

at noon on June 3, 2081 unless otherwise extended by the operation of this agreement or consent of the parties hereto[.]"

The "Option to Repurchase" agreement contains one paragraph addressing the notice the hospital must provide to Dr. Black prior to exercising the option and one paragraph addressing the time period during which the hospital can exercise the option. Paragraph three of the "Option to Repurchase" agreement, entitled "Notice of Exercise," provides, in relevant part, "This option shall be exercised by written notice signed by St. Joseph's and sent by registered mail *at least one year prior to the expiration date* [June 3, 2081]." (Emphasis added). Paragraph five of the agreement, entitled "Time During Which Option May Be Exercised," states, in relevant part, "This first option will be exercised by giving written notice as set forth in paragraph 3 herein which notice can only be given *at any time within one year prior to the date of the expiration* of this Option[.]" (Emphasis added).

The hospital filed a complaint for declaratory judgment against Dr. Black on April 20, 2012.[3] The complaint alleges that "Dr. Black refuses to recognize St. Joseph's Hospital's Option to Repurchase but instead considers the same to be a right of first refusal. Due to Dr. Black's incorrect legal position, a justiciable controversy now exists between the parties herein." The complaint goes on to allege that

---

[3] The hospital's complaint for declaratory judgment was filed pursuant to the *West Virginia Uniform Declaratory Judgment Act*, W.Va. Code § 55-13-1 [1941], *et seq.*

> Dr. Black has taken the position that St. Joseph's Hospital cannot exercise its executed option contract until an offer is made to a *bona fide* purchaser. This is an incorrect statement of law as St. Joseph's Hospital clearly possesses an executed option contract that can be exercised at any point within the agreed-upon time frame regardless of the existence of a *bona fide* purchaser.

Based on this allegation, the hospital's complaint seeks the following relief:

> A declaration that Plaintiff [hospital] possesses an executed option contract that can be exercised by the optionee, Plaintiff [hospital], at any point within the agreed-upon time frame and without the need for any condition precedents to be met.

The hospital's complaint for declaratory judgment does not ask for a determination of when the "agreed-upon time frame" occurs under the terms of the "Option to Repurchase" agreement. Instead, the complaint for declaratory judgment only asks the circuit court to declare that the "Option to Repurchase" is an option contract.

On April 25, 2013, the hospital filed a motion for summary judgment asserting that the "Option to Repurchase" agreement is an option contract. The circuit court[4] held a hearing on this motion on June 21, 2013. At this hearing, counsel for the hospital stated that it was only seeking a determination of whether the "Option to Repurchase" agreement was an option contract or a "right of first refusal," nothing more. Counsel for the hospital stated:

---

[4]Judge Thomas H. Keadle entered an order denying a motion to dismiss filed by Dr. Black. Judge Keadle retired on January 31, 2013. Judge John L. Henning, Jr., presided over the summary judgment hearing.

> [W]e brought before the Court a complaint for declaratory judgment and we simply ask the Court, "Is the document an option contract or a right of first refusal?" Nothing more. *We didn't ask when it could be exercised, we didn't ask for the interpretation of it*, we just asked the Court to tell us whether it was or wasn't [an option contract].

(Emphasis added).

Counsel for Dr. Black told the court that he did not dispute that the "Option to Repurchase" agreement was an option contract. However, counsel for Dr. Black stated, "[W]hat I want to tell the Court is that the real issue in this case is whether St. Joseph's can exercise that option now or during the last year of a 99-year term[.]"[5] Following this statement, the circuit court engaged in the following dialogue with Dr. Black's counsel:

| | |
|---|---|
| Circuit Court: | So you are saying that you agree with them that it's an option contract? |
| Counsel: | Always have. |
| Circuit Court: | Period. Done deal. Case dismissed. Right? |
| Counsel: | Well, if that's what they're saying. But it's our understanding – |

---

[5] Dr. Black states that under the plain language of paragraph five of the "Option to Repurchase" agreement, the option can only be exercised "at any time within one year prior to the date of the expiration of this Option." By contrast, Dr. Black states that the hospital contends that it may exercise the "Option to Repurchase" at any time prior to one year before the date of the expiration of the "Option to Repurchase." Stated another way, Dr. Black argues that the hospital can only exercise its option between June 3, 2080, and June 3, 2081; whereas the hospital believes it can exercise its option at any time prior to June 3, 2080, one year before the option expires.

6

Circuit Court:       That's what they are saying and they are saying you agree with them.

Counsel:       As far as it goes.

Circuit Court:       And that's all they want to know.

Counsel:       And if they are not seeking a ruling on whether they can exercise that option now, go on record saying that if they try, we'll resist it.

Circuit Court:       That's not part of the case. That's not part of the case. . . . I'm not deciding that one way or the other. Please prepare an Order which says that the matter was determined by the Court to be an option contract.

The circuit court ordered counsel for the hospital to prepare the order granting summary judgment in the hospital's favor. The circuit court stated, "Please prepare an order which says that the matter was determined by the Court to be an option contract." The circuit court also stated that its ruling that the "Option to Repurchase" agreement was an option contract "is the sole question decided by this Court."

Following the summary judgment hearing, counsel for the hospital prepared an order that contained two paragraphs under the heading "Findings of Fact and Conclusions of Law." Those two paragraphs are as follows:

> 1. Defendant [Dr. Black] entered into an Option Contract with Plaintiff [hospital] dated June 3, 1982. This option contract has been recorded at Book 306 Page 140-143.

> 2. The June 3, 1982 Option Contract is a valid Option Contract under West Virginia law.

7

On July 2, 2013, Dr. Black filed an objection to the hospital's proposed order, arguing that the word "valid" preceding "option contract" in paragraph two was improperly inserted into the order. Dr. Black maintained that the circuit court specifically did not rule on the validity or time period during which the hospital could exercise its option. Further, Dr. Black stated that the "wording of the proposed order should simply say the document entitled 'option contract' of the parties is an option contract. This Court did NOT rule on its validity, the meaning of its notice terms, or its enforceability."

The circuit court entered the order prepared by counsel for the hospital, over Dr. Black's objection, finding the agreement was a "valid" option contract.[6] Dr. Black subsequently filed the present appeal.

## II.

## STANDARD OF REVIEW

Dr. Black appeals the circuit court's order granting summary judgment in favor of the hospital. Our standard of review of a circuit court's entry of summary

---

[6] It appears that the circuit court did not conduct a hearing on Dr. Black's motion objecting to the hospital's proposed order. Similarly, the appendix-record does not contain a circuit court order denying Dr. Black's motion objecting to the hospital's proposed order. The hospital's brief states "the Circuit Court, after consideration of Dr. Black's objections to the proposed order granting summary judgment . . . adopted [the hospital's] proposed order[.]"

8

judgment is *de novo*. Syllabus Point 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). We have held that "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syllabus Point 3, *Aetna Cas. & Sur. Co. v. Federal Ins. Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963). Further,

> [s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

Syllabus Point 4, *Painter*, 192 W.Va. 189, 451 S.E.2d 755.

Additionally, in Syllabus Point 3 of *Cox v. Amick*, 195 W.Va. 608, 466 S.E.2d 459 (1995), this Court noted, "A circuit court's entry of a declaratory judgment is reviewed *de novo*." More specifically, this Court stated in *Cox* that "because the purpose of a declaratory judgment action is to resolve legal questions, a circuit court's ultimate resolution in a declaratory judgment action is reviewed *de novo*; however, any determinations of fact made by the circuit court in reaching its ultimate resolution are reviewed pursuant to a clearly erroneous standard." *Id.* at 612, 466 S.E.2d at 463.

With the foregoing in mind, we consider the parties' arguments.

9

## III.

## ANALYSIS

A declaratory judgment action is a proper procedural means for adjudicating the legal rights of parties to a disputed contract. West Virginia Code § 55-13-1 [1941] provides:

> Courts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree.

Additionally, "[a]ny person interested under a . . . written contract, or other writings constituting a contract . . . may have determined any question of construction or validity arising under the . . . contract . . . and obtain a declaration of rights, status or other legal relations thereunder." W.Va. Code § 55-13-2 [1941].

As Justice Cleckley explained in his concurring opinion in *Cox v. Amick*, 195 W.Va. at 618, 466 S.E.2d at 469, the *West Virginia Uniform Declaratory Judgment Act*, W.Va. Code § 55-13-1, *et seq*., "is designed to enable litigants to clarify legal rights and obligations before acting upon them." Thus, "the principal purpose of a declaratory judgment action is to resolve legal questions." *Joslin v. Mitchell*, 213 W.Va. 771, 775, 584 S.E.2d 913, 917 (2003).

Turning to the present controversy, the hospital's complaint for declaratory judgment asked the circuit court to declare that the "Option to Repurchase" agreement it

10

entered into with Dr. Black was an option contract rather than a "right of first refusal."[7]

As this Court explained in *Pollock v. Brookover*, 60 W.Va. 75, 53 S.E. 795 (1906), an

option contract

> is not a contract to sell, nor an agreement to sell, real estate,
> because there is no mutuality of obligation and remedy; but it
> is a contract by which the owner agrees with another person
> that he shall have the right to buy, within a certain time, at a
> stipulated price. It is a continuing offer to sell, which may or
> may not, with the time specified, at the election of the
> optionee, be accepted. The owner parts with his right to sell to
> another for such time, and gives to the optionee this exclusive
> privilege. It is the right of election to purchase, which has
> been bought and paid for, and which forms the basis of the
> contract between the parties. Upon the payment of the
> consideration, and the signing of the option, it becomes an
> executed contract - not, however, an executed contract selling
> the land, but the sale of the option, which is irrevocable by
> the optionor, and which is capable of being converted into a
> valid executory contract for the sale of land[.]

Based on this discussion, the Court in *Pollock* held:

> An option given for the sale of land, supported by a
> valuable consideration, is not a sale of real estate, nor an

---

[7] This Court addressed the distinction between an option contract and a "right of
first refusal" in *Smith v. VanVoorhis*, 170 W.Va. 729, 731, 296 S.E.2d 851, 853 (1982),
stating:

> In a typical option the optionee has the absolute right
> to purchase something for a definite consideration. A pre-
> emptive right [right of first refusal] involves the creation of
> the privilege to purchase only on the formulation of a desire
> on the part of the owner to sell; and . . . the holder of the right
> must purchase for the price at which the owner is willing to
> sell to a third person.

11

agreement to sell, but is an executed contract, giving the optionee the exclusive privilege of purchasing within the time limited, and which cannot be withdrawn during the time stipulated for; and upon acceptance within that time it becomes an executory contract for the sale of land, which may be specifically enforced in a proper case.

Syllabus Point 2, *Id. Accord* Syllabus Point 3, *Am. Canadian Expeditions, Ltd. v. Gauley River Corp.*, 221 W.Va. 442, 655 S.E.2d 188 (2007).

Both the hospital and Dr. Black agree that the "Option to Repurchase" agreement is an option contract. While conceding that the "Option to Repurchase" agreement is an option contract, Dr. Black argues that the option contract's validity was not an issue in this case and should not have been included in the circuit court's summary judgment order. In support of this argument, Dr. Black cites the circuit court's statement at the summary judgment hearing that "the sole question decided by this Court" is that the "Option to Repurchase" agreement is an option contract. When counsel for Dr. Black stated that actual dispute between the parties was the time frame in which the option could be exercised, the circuit court stated: "That's not part of the case. That's not part of the case . . . I'm not deciding that one way or the other." Further, Dr. Black notes that the circuit court instructed counsel for the hospital to prepare an order stating, "[T]he matter was determined by the Court to be an option contract." The circuit court did not instruct counsel for the hospital to prepare an order stating that the matter was determined to be a *valid* option contract. Because the circuit court's ruling was restricted to the sole question of whether the agreement was an option contract, Dr. Black argues that the

12

circuit court erred by entering an order containing the legal conclusion that the "Option to Repurchase" agreement is a *valid* option contract under West Virginia law.

By contrast, the hospital argues that the circuit court correctly determined that the "Option to Repurchase" agreement is an option contract. The hospital argues that the narrow question of law before the circuit court was only whether the "Option to Repurchase" agreement was an option contract or a "right of first refusal." The hospital states that "Dr. Black argued about the terms, enforceability and timing of the option contract – all issues that were not properly before the circuit court, and are not properly before this Court on appeal." While conceding that these issues regarding the substance of the option contract were not properly before the circuit court, the hospital fails to address why the order it prepared following the summary judgment hearing included a substantive legal conclusion—that the "Option to Repurchase" agreement is a "valid" option contract under West Virginia law.

After review, we find that the validity and time frame in which the option could be exercised were issues not properly before the circuit court because the hospital's complaint for declaratory judgment only sought a determination of whether the "Option to Repurchase" agreement was an option contract rather than a "right of first refusal." The hospital's complaint did not seek a declaration on the validity of the option contract or the time frame in which the option could be exercised. Before a court can determine the validity of a contract, it must consider the contract terms and, in the present case, the

13

time frame in which the option could be exercised.[8]  Because these issues were not before the circuit court or considered by the circuit court, it was error for the circuit court's summary judgment order to include a legal conclusion regarding the option contract's validity.

The narrow scope of the hospital's declaratory judgment complaint was evident during the summary judgment hearing.  At this hearing, counsel for the hospital told the circuit court, "We didn't ask when it [the option] could be exercised, we didn't ask for the interpretation of it[.]"  This statement is in direct opposition to the legal conclusion the hospital placed in the order following the hearing.  In the first instance, the hospital told the court that it was not seeking an interpretation of the option contract.  In the order it submitted to the circuit court, however, the hospital included its interpretation that the option contract was valid.

The parties' conflicting interpretations of the "Option to Repurchase" agreement demonstrate that there is substantial disagreement regarding the option contract's validity.  According to a report prepared by Dr. Black's expert, Dean John W. Fisher, II, the option contract's validity is dependent on the time frame in which the option can be exercised.  Dean Fisher agreed with Dr. Black's suggested interpretation of

---

[8] "A well-established principle of contract law is that it is essential to the validity of any contract, including an option agreement, that a definite time for performance either be stated in the contract or be ascertainable from the contract's expressed or implied provisions." *Validity of Option to Purchase Realty as Affected by Indefiniteness of Term Provided for Exercise*, 31 A.L.R.3d 522 (1970).

14

the "Option to Repurchase" agreement—that the hospital could only exercise its option during the final year of the agreement. Additionally, Dean Fisher asserted that the hospital's interpretation of the option contract—that it could be exercised at any time prior to June 3, 2080—"violates the common law rule against perpetuities."[9] The circuit

---

[9] Dean Fisher stated:

> For purpose of discussion, if one were to assume Plaintiff's [hospital] interpretation is correct, it leaves the Plaintiff with what I believe is an insurmountable Rule Against Perpetuities problem. If one accepts the Plaintiff's reading of the documents, I believe the agreement becomes patently inequitable. . . .

> In conclusion, I note that I am in agreement with the interpretation of the documents involved in this case as articulated in your [Dr. Black's] motion to dismiss and the substance of your response to the Plaintiff's motion for summary judgment. . . . My opinion is reflective of my teaching of Property Law for over forty years and my research and writing on the subject area.

In addition to this expert witness report, Dr. Black argued that the hospital's suggested interpretation of the option contract defies "common sense." Dr. Black stated:

> Who, in his right mind, would sign an agreement which, if the interpretation of [the hospital] in this case were accepted, where he constructed a building, at his own expense, only to be vulnerable, during the rest of his career and during the entire period of the option, to the hospital's repurchasing the property for "$1.00 plus fair market value"?

> To do so would place the physician at the greatest peril in being forced to sell in the event of a dramatic event in market forces resulting in an unprecedented reduction in fair market value. It would permit the hospital, at any time it

(continued . . .)

court did not rely on or discuss Dean Fisher's opinion at the summary judgment hearing, however, because the sole issue before it was whether the "Option to Repurchase" agreement was an option contract rather than a "right of first refusal." Had the validity of the option contract been an issue in this case, Dean Fisher's opinion would have been relevant to that determination.

Because the hospital's complaint and motion for summary judgment did not seek a determination of whether the option contract was valid, and because the circuit court refused to consider the validity of the option contract during the summary judgment hearing, it was error for the circuit court to rule that the "Option to Repurchase" agreement is a valid option contract.[10]

---

> should choose, and any time advantageous to it, to obtain a huge windfall[.]

[10] The circuit court's summary judgment order did not offer sufficient factual or legal support for its ruling that the "Option to Repurchase" agreement is a "valid" option contract. Had the option contract's validity been an issue in this case, the summary judgment order's failure to offer sufficient factual or legal support explaining why the "Option to Repurchase" agreement is a "valid" option contract would have required this Court to remand this case pursuant to Syllabus Point 3 of *Fayette County National Bank v. Lilly*, 199 W.Va. 349, 484 S.E.2d 232 (1997):

> Although our standard of review for summary judgment remains *de novo*, a circuit court's order granting summary judgment must set out factual findings sufficient to permit meaningful appellate review. Findings of fact, by necessity, include those facts which the circuit court finds relevant, determinative of the issues and undisputed.

## IV.

## CONCLUSION

We reverse the following ruling contained in the circuit court's August 8, 2013, summary judgment order: "The June 3, 1982 Option Contract is a valid Option Contract under West Virginia law." We remand this matter to the circuit court for entry of an order granting summary judgment to the hospital on the sole issue raised in its complaint for declaratory judgment—that the "Option to Repurchase" agreement is an option contract rather than a "right of first refusal."

Affirmed in part; Reversed in part; and Remanded.