# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Jerry N. Black, M.D.,**
**Defendant Below, Petitioner**

**vs)  No. 15-0125**        (Upshur County 12-C-52)

**St. Joseph's Hospital of Buckhannon,**
**Plaintiff Below, Respondent**

**FILED**

**January 8, 2016**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner and defendant below Jerry N. Black, M.D., by counsel J. Burton Hunter, III, appeals the January 13, 2015, order of the Circuit Court of Upshur County that corrected a previous order granting the motion for summary judgment filed by respondent and plaintiff below St. Joseph's Hospital of Buckhannon regarding an option contract previously entered into by the parties. Respondent, by counsel Marc E. Williams, Robert M. Sellards, and Sarah B. Massey, filed a response. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 3, 1982, petitioner, an ophthalmologist, and respondent entered into a Memorandum Agreement in which the respondent agreed to deed certain real property to petitioner upon which he would later construct a building to serve as the location of his medical practice. On April 20, 2012, respondent filed a complaint for declaratory judgment against petitioner requesting that the circuit court declare the "option to repurchase" provision included in the Memorandum Agreement to be an "option contract" rather than a "right of first refusal," as purportedly claimed by petitioner.

Respondent subsequently filed a motion for summary judgment in which it argued that the "option to repurchase" provision is an option contract. During the June 21, 2013, hearing on the summary judgment motion, counsel for respondent advised the circuit court that the complaint did not seek a determination as to when the option could be exercised nor did it seek an interpretation of its terms; rather, "'we just asked the Court to tell us whether it was or wasn't [an option contract].'" *Black v. St. Joseph's Hospital of Buckhannon, Inc.*, 234 W.Va. 175, 178, 764 S.E.2d 335, 338 (2014) ("*Black I*"). As more fully set forth in *Black I*, during the summary judgment hearing, the parties informed the circuit court that they were in agreement that the provision was an option contract. At the conclusion of the hearing, the circuit court advised the

1

parties that it was not deciding "one way or the other" the time frame in which respondent could exercise the option under the terms of the contract. *Id* at 179, 764 S.E.2d at 339. The circuit court directed counsel for respondent to "'prepare an order which says that the matter was determined by the Court to be an option contract.'" *Id.*

Thereafter, counsel for respondent prepared an order that stated, inter alia, that "'Defendant [Dr. Black] entered into an Option Contract with Plaintiff [hospital] dated June 3, 1982. This option contract has been recorded at Book 306 Page 140-132[,]'" and "'[t]he June 3, 1982 Option Contract is a valid Option Contract under West Virginia law.'" *Id.* Petitioner objected to the wording of the proposed order, "arguing that the word 'valid' preceding 'option contract' . . . was improperly inserted into the order." *Id.* Petitioner argued that the "'wording of the proposed order should simply say the document entitled "option contract" of the parties is an option contract. [The circuit court] did NOT rule on its validity, the meaning of its notice terms, or its enforceability.'" *Id.* The circuit court entered respondent's proposed order, as written, and petitioner appealed to this Court.

In that appeal (*Black I*), this Court found that respondent's complaint for summary judgment sought neither a determination of the validity of the option contract nor the time frame in which the option could be exercised. We explained that

> the validity and time frame in which the option could be exercised were issues not properly before the circuit court because the hospital's complaint for declaratory judgment only sought a determination of whether the "Option to Repurchase" agreement was an option contract rather than a "right of first refusal." The hospital's complaint did not seek a declaration on the validity of the option contract or the time frame in which the option could be exercised. Before a court can determine the validity of a contract, it must consider the contract terms and, in the present case, the time frame in which the option could be exercised. Because these issues were not before the circuit court or considered by the circuit court, it was error for the circuit court's summary judgment order to include a legal conclusion regarding the option contract's validity.

(Footnote omitted). 234 W.Va. at 181-82, 764 S.E.2d at 341-42. Accordingly, we affirmed the order of the circuit court that ruled that the "Option to Repurchase" agreement is an option contract; reversed the ruling that declared the option contract at issue to be a "valid" option contract; and remanded the case to the circuit court for entry of an order granting summary judgment to the respondent "on the sole issue raised in its complaint for declaratory judgment— that the 'Option to Repurchase' agreement is an option contract rather than a 'right of first refusal.'" *Id* at 183, 764 S.E.2d at 343.

At issue in the present appeal is what occurred upon remand. On December 1, 2014, the circuit court held a hearing for the purpose of correcting the above-described August 8, 2013, order, as directed by this Court in *Black I*. Respondent's counsel advised the court that he would prepare the order. Meanwhile, petitioner had filed a motion "to establish a litigation schedule including a trial date upon the remaining controverted issues in this case" identified by petitioner as

[t]he enforceability of the alleged 'Option to Repurchase" including the applicability of West Virginia's Rule Against Perpetuities . . . and [i]f the "Option to Repurchase" is determined to be enforceable, a declaration as to the meaning and applicability of paragraph 3, page 1 and paragraph 5, page 2 of the "Option to Repurchase."

Alternatively, petitioner requested "leave to amend his answer . . . to include a counter-petition seeking declaratory relief on the issues referenced herein." The circuit court did not entertain arguments on petitioner's motion during the December 1, 2014, hearing. According to the transcript, petitioner indicated that he would waive oral argument and further hearing on the issues raised in his motion; however, respondent would not agree to such a waiver.

On January 13, 2015, the circuit court entered respondent's proposed "Order Granting Motion for Summary Judgment," which corrected the original summary judgment order by removing the finding that the option contract at issue was a "valid" option contract. Over petitioner's objection, the order indicated that the matter was dismissed, "with prejudice." It is from this order that petitioner now appeals.[1]

We review de novo petitioner's appeal of the circuit court's summary judgment order. "A circuit court's entry of summary judgment is reviewed de novo." Syl. Pt. 1, Painter v. Peavy, 192 W.Va. 189, 451 S.E.2d 755 (1994).

In this appeal, petitioner argues that, prior to entry of the January 13, 2015, order, the circuit court should have ruled upon petitioner's pending motion to proceed on the disputed issues of enforceability and interpretation of the option contract. It is petitioner's contention that that dismissal of the present case "with prejudice" could foreclose any future adjudication of these issues.

As we observed in Black I, respondent's declaratory judgment action did not seek a ruling as to the validity of the option contract or the time frame in which the option could be exercised. 234 W.Va. at 177, 764 S.E.2d at 337. Rather, "[i]t only sought a determination of whether the 'Option to Repurchase' agreement was an option contract rather than a 'right of first refusal.'" Id. Thus, while affirming the circuit court's ruling that the "Option to Repurchase" agreement is an option contract, we reversed that portion of the order that concluded the option contract is "valid," and remanded the matter for the limited purpose of correcting the August 8,

---

[1] On February 10, 2015, following entry of the summary judgment order now at issue, petitioner filed his own declaratory judgment action against respondent in which he sought a declaration that the subject option contract is unenforceable as violative of the Rule Against Perpetuities, or, in the alternative, (should the option contract be deemed enforceable), that the "'first option to purchase' can be exercised only during the last year of the 99 [year] term; that is, between June 3, 2080[,] and June 3, 2081." Petitioner also sought punitive damages and attorney's fees. On March 13, 2015, respondent filed its answer, affirmative defenses, and counterclaims (breach of contract, unjust enrichment, and trespass).

2013, order in this regard. Upon our review, it is clear that the circuit court followed the limited remand of *Black I* to the extent that the court removed the finding that the option contract at issue was "valid." This Court has stated that "[u]nder a limited remand, 'the court on remand is precluded from considering other issues, or new matters, affecting the cause.' 5 Am.Jur.2d *Appellate Review* § 787 at 455 (1995) (footnotes omitted)." *State ex rel. Frazier & Oxley, L.C. v. Cummings*, 214 W.Va. 802, 809, 591 S.E.2d 728, 735 (2003).[2]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 8, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

---

[2] In his reply brief to this Court, petitioner specifically references the fact that, as one of respondent's defenses to petitioner's declaratory judgment action, it asserts "*res judicata* as if the term 'valid' still remains in the . . . Order Granting Motion for Summary Judgment." It was apparently based largely on the assertion of this defense that petitioner was compelled to file the instant appeal, as he is clearly concerned that the dismissal of this matter "with prejudice" might preclude him from obtaining a decision on the merits of his declaratory judgment action. We acknowledge petitioner's concern but note that, as a result of *Black I*'s limited remand, neither the circuit court nor this Court has determined or otherwise ruled upon whether the option contract at issue is valid and enforceable and, if valid and enforceable, the time frame in which the option may be exercised. As indicated above, petitioner seeks the adjudication of these outstanding substantive legal issues in a separate declaratory judgment action. *We emphasize that neither res judicata nor collateral estoppel applies nor does the instant memorandum decision otherwise preclude a decision on the merits of such action.*